IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN NELSON, individually, as natural parent and next friend of J.N. I and J.N. II, minors, and on behalf of all others similarly situated,<br><br>      *Plaintiff,*<br><br>      v.<br><br>CONNEXIN SOFTWARE INC. d/b/a OFFICE PRACTICUM,<br><br>      *Defendant.* | Case No. 2:22-cv-04676-JDW |

## MEMORANDUM

A data breach at Connexin Software Inc. has led to nine class actions in this Court, all assigned to me and consolidated. To facilitate case management, I invited applications for appointment of interim class counsel. Like contestants on a season of Survivor, the various lawyers representing the various plaintiffs set out forming their alliances. The result is that I have before me five motions for appointment of interim lead counsel, all from qualified lawyers. Ultimately, I conclude that the ability of a large group of lawyers to organize themselves and cooperate warrants their appointment as interim lead counsel.

**I.     BACKGROUND**

Connexin sells health information technology products and services, with a focus on pediatric practices. In 2022, it detected a data breach that permitted third parties to access demographic information, Social Security numbers, health insurance information, and health records. The nine lawsuits consolidated before me followed.

On January 11, 2023, I held an initial status conference. Following that conference, I ordered that the counsel for the various plaintiffs file either a joint proposal regarding interim lead counsel or motions to appoint interim lead counsel. I got five motions in response.

- Two motions ask me to appoint Raina Borelli and Turke & Strauss LLP and John Yanchunis and Morgan & Morgan P.A. as Interim Co-Lead Counsel and Patrick Howard of Saltz Mongeluzzi & Bendesky P.C. as liaison counsel (ECF Nos. 25, 31).

- One motion asks me to appoint Benjamin Johns of Shub Law Firm LLC and Bart Cohen of Bailey & Glasser LLP as Interim Co-Lead Class and Andrew Ferich of Ahdoot & Wolfson PC, Mark DeSanto of Sauder Schelkopf LLC, Danelle Perry of Mason LLP, and Marc Edelson of Edelson Lechtzin LLP as a Plaintiffs Steering Committee. (ECF No. 28.)

- One motion asks me to appoint Bryan Aylstock of Aylstock, Witkin, Kreis and Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Interim Co-Lead Counsel. (ECF No. 37.)

- One motion supports the appointment of Mr. Johns and Mr. Cohen as Interim Co-Lead Counsel and of a Steering Committee but asks me to include Michael McShane of Audet Partners LLP as a member of the Steering Committee. (ECF No. 44.)

## II.    LEGAL STANDARD

Federal Rule Of Civil Procedure 23(g)(3) empowers district courts to appoint interim lead counsel. Courts apply the factors listed in Rule 23(g)(1), which govern appointment of class counsel, to the appointment of interim counsel. Those factors include: (i) the work counsel did to identify and investigate the claims; (ii) counsel's experience with class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel can commit to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Courts also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Ultimately, a judge should appoint the class counsel "best able to represent the interests of the class" in light of all of the factors in Rule 23(g)(1)(A) and (g)(1)(B). Fed. R. Civ. P. 23 Advisory Comm. Note (2003 amendments).

## III.   ANALYSIS

Everyone seems to agree that I should appoint Interim Co-Lead Counsel, and I agree. In the absence of such a structure, the case would be unmanageable. Everyone who has applied to be Interim Co-Lead Counsel is qualified. Each applicant has the experience and resources to litigate this case a so I must look to other factors for my choice.

One factor that carries particular weight in this case is the ability of various lawyers to cooperate with each other. Cooperation will make for a more efficient prosecution of the case and lead to better outcomes for the putative class. In addition, when the cooperation leads to inclusion of a substantial number of the plaintiffs' lawyers, it enhances the potential value to the class because it ensures the most creativity.

One proposal stands out for the cooperation that its shows: the proposal from Mr. Johns and Mr. Cohen. They have proposed an arrangement that places the two of them in a lead counsel roll but that also incorporates other lawyers who filed cases and presumably would have liked to be Interim Lead Counsel themselves. Their proposal also indicates that they have at least tried to work with the other plaintiffs' lawyers in this case, which seems to make them unique. I also note that Mr. McShane does not seek to disrupt that arrangement but asks to participate in it. That approach seems sensible, and the cooperation that these lawyers have shown convinces me that their proposal is the best.

At least one other factor supports this proposal: the lawyers' presence in and familiarity with this Court. Some courts have noted that this factor can have significance, and I agree. *See City of Providence, R.I. v. AbbVie, Inc.*, No. 20-cv-5538, 2020 WL 6049139 at *7 (S.D.N.Y. Oct. 13, 2020). Of course, this should not just be a recipe for home cooking. Lawyers from outside a court's home jurisdiction can and often will be the best choice to lead a case like this. But when the choice is close, this factor can tip the scales because familiarity with this Court and its procedures will likely aid the prosecution of the case and get a better outcome for the putative class. I do acknowledge that Mr. Yanchunis and Ms. Borelli propose to include Mr. Howard for his local knowledge, and he fits the bill. But they propose him only in a liaison counsel role, and "[t]he experience of proposed local or liaison counsel is generally given less weight than the experience of "lead" counsel for a given plaintiff cohort, as these attorneys are generally utilized for administrative, rather than substantive purposes." *In re Vanguard Chester Funds Litig.*, __ F. Supp.3d __, 2022 WL 3971053, at * 4 (E.D. Pa. Sept. 1, 2022).

## IV. CONCLUSION

My choice here is a difficult one because everyone is qualified to lead this case. Ultimately, the ability to cooperate is the most important distinction among the proposals before me. So I will adopt the proposal that shows the most cooperative spirit. I will appoint Messrs. Johns and Cohen as Interim Co-Lead Counsel, with a Plaintiffs Steering

5

Committee of Mr. Ferich, Mr. Desanto, Ms. Perry, Mr. Edelson, and Mr. McShane. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 30, 2023