**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAZANDRA BARLETTI, individually, as natural parent and next friend of A.B. and C.B., minors; ANDREW RECCHILONGO; SHARONDA LIVINGSTON, individually, as natural parent and next friend of K.J., a minor; BRADLEY HAIN, individually, as natural parent and next friend of N.H. and T.H., minors; HAILEY JOWERS; and IKRAM CHOWDHURY, on behalf of themselves and all others similarly situated, | **Case No. 2:22-cv-04676-JDW** |
| Plaintiffs, | |
| v. | **CLASS ACTION** |
| CONNEXIN SOFTWARE, INC. d/b/a OFFICE PRACTICUM, | |
| Defendant. | |

## JOINT MOTION TO ENTER STIPULATED PROTECTIVE ORDER

All Plaintiffs and Defendant Connexin Software, Inc. d/b/a Office Practicum (collectively, the "Parties"), hereby jointly move the Court to enter this proposed Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).  In support, the Parties aver as follows:

1.      The Parties are currently engaged in fact discovery and jointly request the entry of this Stipulated Protective Order so that discovery can be expeditiously exchanged while protective the confidential nature of information disclosed at any stage in this action.

2.      Federal Rule of Civil Procedure 26(c) permits a district court to enter a protective order to shield parties "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  In complex litigation, protective orders "facilitate discovery

and further the ends of justice." *Eddystone Rail Co., LLC v. Bridger Logistics, LLC*, No. 2:17-cv-00495-JDW, 2022 WL 704206, at *1 (E.D. Pa. Mar. 9, 2022) (Wolson, J.). Protective orders may be entered to keep discovery materials confidential where a party demonstrates that good cause exists for the order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (citing Fed. R. Civ. P. 26(c)).

3.      In determining whether good cause exists, courts may consider several non-exhaustive factors, including whether: "1) disclosure will violate any privacy interests; 2) the information is being sought for a legitimate purpose or for an improper purpose; 3) disclosure of the information will cause a party embarrassment; 4) confidentiality is being sought over information important to public health and safety; 5) the sharing of information among litigants will promote fairness and efficiency; 6) a party benefitting from the order of confidentiality is a public entity or official; and 7) the case involves issues important to the public." *Eddystone*, 2022 WL 704206, at *2 (citing *In re Avandia*, 924 F.3d at 671).

4.      The Parties have requested, or anticipate requesting, the production of documents or information in this litigation that at least one party considers to be or to contain confidential information, and that are subject to protection under applicable authority, including Federal Rule of Civil Procedure 26(c), the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its regulations.

5.      Good cause exists to protect the confidential nature of the information contained in such documents, interrogatory responses, responses to requests for admission, or deposition testimony.

6.     This action concerns a data security incident and is likely to implicate sensitive information about a potential crime that may be under investigation by law enforcement, the public disclosure of which could compromise any such investigation; sensitive and confidential commercial information, including information about Defendant's computer network systems and information security practices, the public disclosure of which would put Defendant at a competitive disadvantage and expose it to an additional information security risk; as well as sensitive and confidential personal and health information about Plaintiffs, putative class members, and potentially others.

7.     The Proposed Protective Order is warranted to protect against disclosure of such documents and information.

8.     Absent a showing of good cause, the Stipulated Protective Order should apply in any related case which is filed in, removed to, or transferred to this Court.

Respectfully submitted,

**POST & SCHELL, P.C.**                           **SHUB & JOHNS, LLC**

*/s/Abraham J. Rein*                              */s/Benjamin F. Johns*
Abraham J. Rein                                   Benjamin F. Johns
Theresa Mongiovi                                  Samantha E. Holbrook
Leanne Lane Coyle                                 Four Tower Bridge
Four Penn Center                                  200 Barr Harbor Drive, Suite 400
1600 John F. Kennedy Boulevard                    Conshohocken, PA 19428
14th Floor                                        bjohns@shublawyers.com
Philadelphia, PA 19103                            sholbrook@shublawyers.com
arein@postschell.com
tmongiovi@postschell.com
lcoyle@postschell.com                             **BAILEY & GLASSER LLP**

*Counsel for Defendant Connexin*                  */s/Bart D. Cohen*
                                                  Bart D. Cohen
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  bcohen@baileyglasser.com

                                                  *Interim Co-Lead Counsel for Plaintiffs*

Dated: June 23, 2023

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Abraham J. Rein*
Abraham J. Rein