## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAZANDRA BARLETTI, individually, as natural parent and next friend of A.B. and C.B., minors; ANDREW RECCHILONGO; SHARONDA LIVINGSTON, individually, as natural parent and next friend of K.J., a minor; BRADLEY HAIN, individually, as natural parent and next friend of N.H. and T.H., minors; HAILEY JOWERS; and IKRAM CHOWDHURY, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br><br>   v.<br><br><br>CONNEXIN SOFTWARE, INC. d/b/a OFFICE PRACTICUM,<br><br><br>                 Defendant. | **Case No. 2:22-cv-04676-JDW**<br><br><br><br>**CLASS ACTION**<br><br><br><br>**JURY TRIAL DEMANDED** |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Parties'

Joint Motion to Enter Stipulated Protective Order, it is hereby **ORDERED** that the Motion is

**GRANTED**. **IT IS FURTHER ORDERED** as follows:

1.　"Confidential" information is defined herein as information that the producing

Party in good faith believes would be entitled to protection on a motion for a protective order on

the basis that it constitutes, reflects, discloses, or contains information protected from disclosure

by statute or regulation, or that should be protected from disclosure as confidential personal

information, medical or psychiatric information, personnel records, confidential protected health

information, protected law enforcement information, research, commercial, or technical information that the producing Party has maintained as confidential, or other such proprietary or sensitive business and commercial information that is not publicly available.

2.      "Attorneys' Eyes Only" information is defined herein as information that is extremely confidential and/or sensitive in nature which, if disclosed, disseminated, or used by a competitor of the producing Party or by any other person not enumerated in paragraph 12, is reasonably likely to directly result in possible antitrust violations or commercial, financial, or business harm.  Examples of materials that may qualify for an "Attorneys' Eyes Only" designation may include internal corporate trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee and customer information, and other non-public information of similar competitive and business sensitivity.

3.      "Confidential" or "Attorneys' Eyes Only" material may include "protected health information" as defined in 45 C.F.R. §160.103 and 164.501. This Agreement constitutes a Qualified Protective Order complying with 45 C.F.R. §164.512(e)(1)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. §164.512(e)(1)(iv)(A).

4.      In designating discovery materials as "Confidential" or "Attorneys' Eyes Only" information, the producing Party shall do so in good faith consistent with the provisions of this Agreement, the rulings of this Court, and applicable governing authority, including but not limited to Federal Rule of Civil Procedure 26(c), HIPAA and its regulations, *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019), and *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). Notwithstanding the foregoing, Parties must comply with all applicable

laws, including state privacy laws, in connection with any discovery sought or produced in this action.

5.      All documents, testimony, and other materials produced by the Parties in the Litigation and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in the Litigation.

6.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Agreement, including all information derived therefrom, shall be restricted solely to the Litigation of this case, and shall not be used by any Party for any other purpose, including but not limited to any business, commercial, or competitive purpose.  The Parties seek to ensure that any person who receives and stores "Confidential" or "Attorneys' Eyes Only" information in connection with this proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any such information.

7.      The Parties, and third parties subpoenaed by one of the Parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other information or materials produced in this case pursuant to paragraphs 1 and 2. The producing Party or non-Party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so. The Parties agree to send a copy of this Agreement, and any Order issued by the Court approving this Agreement, with any subpoena they serve in this matter.

8.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the filing Party shall move for permission to file those portions under seal pursuant to the

procedures set forth in Local Civil Rule 5.1.2.6.  Portions of documents or other materials deemed

"Confidential" or "Attorneys' Eyes Only" and filed with the Court shall be marked as follows or

in substantially similar form, unless otherwise agreed by the Parties:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A CONFIDENTIALITY AGREEMENT, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 11 OF THE CONFIDENTIALITY AGREEMENT.
>
> or
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A CONFIDENTIALITY AGREEMENT, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 11 OF THE CONFIDENTIALITY AGREEMENT.

Nothing in this Agreement limits the right of any Party or non-Party to challenge such

designation pursuant to applicable authority, including *In re Avandia Mktg., Sales Practices &*

*Prod. Liab. Litig*., 924 F.3d 662 (3d Cir. 2019).

9.      Within thirty (30) days after receipt of the final transcript of any deposition in the

Litigation, a Party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any

portion of the transcript that the Party or witness contends discloses confidential information. If a

transcript, or portion thereof, containing any such material is filed with the Court, the filing Party

shall move for permission to file it under seal, and shall mark it in the manner described in

paragraph 8. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential"

until the expiration of the thirty-day period. Nothing in this Agreement limits the right of any Party

or non-Party to challenge such designation pursuant to applicable authority, including *In re*

*Avandia Mktg*, 924 F.3d 662.

10.     "Confidential" or "Attorneys' Eyes Only" information and documents subject to

this Agreement shall not be filed with the Court or included in whole or in part in pleadings,

motions, briefs, etc., filed in this case, except when the filing Party has moved for permission to

file any portion(s) of such pleadings, motions, briefs, etc. under seal and marked them in the same

manner as described in paragraph 8 above. Nothing in this Agreement limits the right of any Party

or non-Party to challenge such motion to file under seal pursuant to applicable authority, including

*In re Avandia Mktg*, 924 F.3d 662.

11.     Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this Agreement, unless additional

persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel for the Parties, and the administrative staff of outside counsel's law firms.

b.      In-house counsel for the Parties, and the administrative staff for each in-house counsel.

c.      Any Party to the Litigation who is an individual, and every employee, director, officer, manager, consultant of any Party or related entity to the Litigation who is not an individual.

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of the Litigation, but only to the extent necessary to further the interest of the Parties in Litigation, and only after executing Exhibit A which is written consent to be bound by the terms of this Agreement and to be subject to the Court's jurisdiction.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

f.      During their depositions, non-Party witnesses in the Litigation to whom disclosure is reasonably necessary and who have executed Exhibit A which is written consent

to be bound by the terms of this Agreement and to be subject to the Court's jurisdiction.

g.   The authors and the original recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

h.   Any court reporter or videographer reporting a deposition.

i.   Employees of copy services, microfilming or database services, trial support firms, e-discovery vendors, and/or translators who are engaged by the Parties during the Litigation, but only after such service or support firm executes Exhibit A which is written consent to be bound by the terms of this Agreement and to be subject to the Court's jurisdiction.

12.   Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 11(a), 11(b), 11(d), 11(e), 11(g), 11(h), and, solely in the case of deponents under 11(c) or 11(f) if the additional persons are stipulated by counsel or authorized by the Court upon subsequent motion of a Party.

13.   Prior to being shown any documents produced by another Party marked "Confidential" or "Attorneys' Eyes Only," as provided in Paragraph 7, any person listed under paragraphs 11(d), 11(f), or 11(i) shall execute Exhibit A which is written consent to be bound by the terms of this Agreement and to be subject to the Court's jurisdiction.

14.   Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Agreement is to be discussed by a Party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating Party may exclude from the room any person, other than persons designated in paragraphs 11 and 12, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

15.   The Parties reserve the right to dispute the confidential status claimed by any other Party or subpoenaed Party in accordance with this Agreement. If a Party believes that any documents or materials have been inappropriately designated as "Confidential" or "Attorneys'

Eyes Only" by another Party or subpoenaed Party, that Party shall confer with counsel for the designating Party. As part of that conferral, the Parties may discuss whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, a Party may file an appropriate motion before the Court requesting that the Court determine whether the material in dispute is appropriately designated pursuant to this Agreement. Regardless of which Party files the motion, the Party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed (and, if designated as Attorneys' Eyes Only, why it qualifies for such treatment). A Party who disagrees with another Party's or subpoenaed non-Party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

16.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the Party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving Party or its counsel shall not disclose such documents or materials if that Party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing Party. Promptly after receiving notice from the producing Party of a claim of confidentiality, the receiving Party or its counsel shall inform the producing Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

17.     Designation by the Parties of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. No Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the

Agreement covers the information or documents in dispute, the fact that the other Party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

18.     This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     Upon the request of the producing Party or third Party, within 30 days after the entry of a final order or judgment no longer subject to appeal on the merits of the Litigation, or the execution of any agreement between the Parties to resolve amicably and settle the Litigation, the Parties and any person authorized by this Agreement to receive confidential information shall upon request return to the producing Party or third Party, or if in electronic format confirm the destruction of all information and documents in any form subject to this Agreement. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The Party requesting the return of materials shall pay the reasonable costs of responding to its request.

20.     This Agreement shall not constitute a waiver of any Party's or nonParty's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

21.     This Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

22.     Absent a showing of good cause, this Protective order shall apply in any related case which is filed in, removed to, or transferred to this Court.  It shall be the responsibility of

8

Interim Co-Lead Class Counsel in this case to serve this order on counsel for the Parties in any such case.

23.     Nothing in this Agreement shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

24.     The restrictions on disclosure and use of confidential information shall survive the conclusion of the Litigation and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Agreement.

**IT IS SO ORDERED.**


_____                  _____

Date                                           Hon. Joshua D. Wolson, J.


**STIPULATED AND AGREED BY:**

**POST & SCHELL, P.C.**                        **SHUB & JOHNS, LLC**



By: _____

*/s/Abraham J. Rein*                          Benjamin F. Johns
Abraham J. Rein                              Samantha E. Holbrook
Theresa Mongiovi                             Four Tower Bridge
Four Penn Center                             200 Barr Harbor Drive, Suite 400
1600 John F. Kennedy Boulevard               Conshohocken, PA 19428
14th Floor                                   bjohns@shublawyers.com
Philadelphia, PA 19103                       sholbrook@shublawyers.com
arein@postschell.com
tmongiovi@postschell.com


**BAILEY & GLASSER LLP**

*/s/ Bart D. Cohen*_____
Bart D. Cohen
1622 Locust Street
Philadelphia, PA 19103
bcohen@baileyglasser.com

***Interim Co-Lead Counsel for Plaintiffs***

## EXHIBIT A

I, _____ , have been advised by counsel of record for

_____in <u>Barletti, et al. v. Connexin Software, Inc., d/b/a Office Practicum</u>, Case

No. 2:22:-cv-04676-JDW (E.D. P.) of the agreement governing the delivery, publication, and

disclosure of confidential documents and information produced in this litigation. I have read a

copy of the agreement and agree to abide by its terms, and to be subject to the Court's jurisdiction

for purposes of the agreement.


_____
Signature


_____
Date