IN THE UNITED STATES DISTRICT COURT
FOT THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAZANDRA BARLETTI, individually, as natural parent and next friend of A.B. and C.B., minors; ANDREW RECCHILONGO; SHARONDA LIVINGSTON, individually, as natural parent and next friend of K.J., a minor; BRADLEY HAIN, individually, as natural parent and next friend of N.H. and T.H., minors; and HAILEY JOWERS, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>CONNEXIN SOFTWARE, INC. d/b/a OFFICE PRACTICUM,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-04676-JDW<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF BENJAMIN F. JOHNS IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Benjamin F. Johns, declare:

1. I am an attorney admitted to practice before this Court, as well as before the Supreme Courts of Pennsylvania and New Jersey. I make the foregoing declaration based upon personal knowledge and, if compelled to testify as a witness, would testify competently thereto.

2. Pursuant to the Court's Order of March 30, 2023 (ECF No. 48), I have served with Bart D. Cohen of Bailey & Glasser LLP as Interim Co-Lead Counsel for Plaintiffs Kazandra Barletti, Andrew Recchilongo, Sharonda Livingston, Bradley Hain, and Hailey Jowers (collectively "Plaintiffs") and the proposed class ("Class") in this litigation. I am a founding partner of Shub & Johns LLC, and my firm regularly litigates class actions and data breach cases in Pennsylvania and throughout the United States. I submit this Declaration in support of Plaintiffs'

Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan. I have attached the executed Settlement Agreement as Exhibit 1 to this Declaration, dated February 13, 2024.

3. This case arises from a data security incident (the "Data Security Incident") involving Defendant Connexin Software, Inc. d/b/a Office Practicum ("Connexin") that occurred on or about August 26, 2022, and resulted in unauthorized access to certain personal information of over 3.0 million individuals.

4. Evelyn Nelson initiated this action by filing a complaint (ECF No. 1) on behalf of herself and a class of all others similarly situated on November 22, 2022 (captioned as *Nelson v. Connexin Software, Inc.*). Beginning on December 14, 2022, additional plaintiffs filed class action complaints addressed to the Data Security Incident. *See Barletti v. Connexin Software, Inc.*, No. 2:22-cv-04979 (filed Dec. 14, 2022); *Sayers v. Connexin Software, Inc.*, No. 2:22-cv-05099 (filed Dec. 21, 2022); *Recchilongo v. Connexin Software, Inc.*, No. 2:23-cv-00068 (filed Jan. 6, 2023); *Rodriguez v. Connexin Software, Inc.*, No. 2:23-cv-00098 (filed Jan. 10, 2023); *Council v. Connexin Software, Inc.*, No. 2:23-cv-00103 (filed Jan. 10, 2023); *Chowdhury v. Connexin Software, Inc.*, No. 2:23-cv-00165 (filed Jan. 16, 2023); *Jowers v. Connexin Software, Inc.*, No. 5:23-cv-00413 (filed Feb. 1, 2023); *Green v. Connexin Software, Inc.*, No. 2:23-cv-00450 (filed Feb. 4, 2023).

5. On January 12, 2023, the Court consolidated the then-pending cases, and ordered plaintiffs' counsel to "file either a joint proposal regarding interim lead counsel or motions to appoint interim lead counsel pursuant to Fed. R. Civ. P. 23(g)." Order, at 3 (ECF No. 18). That Order resulted in five separate motions. *See* ECF Nos. 25, 28, 31, 37, 44.

6. Those submissions resulted in the Court granting my and Mr. Cohen's motion, which the Court cited for "stand[ing] out for the cooperation that it show[ed]." Mem., Mar. 30, at 4 (ECF No. 47). The Court concurrently appointed a Plaintiffs Steering Committee, and ordered plaintiffs to file a consolidated complaint. Order, Mar. 30, 2023, ¶¶ 3, 7 (ECF No. 48).

7. On April 28, 2023, Plaintiffs filed a Consolidated Class Action Complaint alleging nine causes of action against Connexin. ECF No. 49.[1] Plaintiffs commenced written discovery shortly thereafter.

8. Pursuant to the Court's Policies and Procedures, Plaintiffs and Connexin (collectively, the "Parties") met and conferred regarding Connexin's forthcoming Motion to Dismiss. Letter, May 26, 2023. Plaintiffs agreed at that point to dismiss two causes of action. *See* Notice of Voluntary Dismissal of Counts IV and V, June 1, 2023 (ECF No. 56). Connexin subsequently moved to dismiss six of the seven remaining counts, excluding only Plaintiffs' first cause of action for negligence. *See* Def.'s Mot. to Dismiss (in Part) Pls.' and the Putative Class's Consolidated Compl., June 16, 2023 (ECF No. 58). The Court granted that Motion in part and denied it in part, leaving Plaintiffs with two counts going forward, for negligence and breach of contracts to which plaintiffs and class members were intended third party beneficiaries. Order, Aug. 17, 2023 (ECF No. 67).

9. As that motion was pending, Plaintiffs further pursued discovery, serving subpoenas on 20 pediatric practices whose patients and their guardians were affected by the Data

---

[1] The Consolidated Class Action Complaint named plaintiff Ikram Chowdhury in addition to the Plaintiffs in the caption herein. The Parties subsequently determined that Mr. Chowdhury is not in fact a member of the Class. He thereafter voluntarily dismissed his claims without prejudice. Stipulated Notice of Voluntary Dismissal of Pl. Ikram Chowdhury, Nov. 14, 2023 (ECF No. 80).

3

Security Incident, as well as Connexin vendors and other Connexin associates who were referenced in Connexin's document productions.

10. Plaintiffs' discovery requests resulted in the creation of a document database of documents disclosed by Connexin comprised of over 35,000 pages and over 200 native files .

11. Concurrent with reviewing those documents, Plaintiffs issued notice of a comprehensive Rule 30(b)(6) deposition, pursuant to which Connexin produced two witnesses. Plaintiffs' counsel deposed those designees in July and August 2023. Plaintiffs subsequently deposed five (5) additional Connexin witnesses, including Connexin's former Chief Executive Officer.

12. In October 2023, Connexin issued requests for production, interrogatories, and requests for admissions. Plaintiffs responded to that discovery before the due date so as to facilitate Connexin's depositions of all Plaintiffs, which took place in late October and early November 2023. Several of those depositions were in person in Philadelphia.

13. In preparation for a mediation before Hon. Diane M. Welsh (Ret.) of JAMS, Connexin produced financial records it had not previously produced, including spreadsheets it prepared specifically for the mediation. The Parties exchanged mediation statements on November 8, 2023. Connexin's mediation statement emphasized the weak state of its finances, but did not suggest a dollar range in which Connexin might be willing to settle the case.

14. At the November 13, 2023 mediation, Plaintiffs made an initial settlement demand early in the morning that was substantially less than what they would have demanded absent Connexin's financial straits. But Connexin responded with an offer that was a small fraction of that, and emphasized that it was not willing to move substantially from that figure. After Plaintiffs' significantly reduced demands were met with marginally increased offers by Connexin, Plaintiffs

ended the mediation early in the afternoon, with the expectation of engaging expert assistance to reassess Connexin's finances before negotiating any further. Pursuant to the Court's Order of October 27, 2023 (ECF No. 76), the Parties reported on the status of settlement discussions within days afterwards. *See* Letter, Nov. 15, 2023.

15. Plaintiffs engaged as a consulting expert a financial research firm whose professionals have substantial experience serving plaintiffs in class actions and other complex litigation, including experience assessing defendants' ability to fund settlements. Plaintiffs provided their financial consultant with certain Connexin financial documents, and the expert responded with a list of additional documents it wanted to review. Plaintiffs delivered that list to Connexin, and Connexin produced additional documents the following week.

16. The Parties again reported on the status of settlement discussions on December 12, 2023. *See* Letter, Dec. 12, 2023. Plaintiffs thereafter demanded one additional document, which Connexin disputed the need to produce. The Parties held a telephonic status conference with the Court on December 15, 2023, after which the Court ordered the Parties to provide it "with a joint status update on the remaining discussions concerning Defendant Connexin's provision of financial information to facilitate a settlement agreement." Order, Dec. 15, 2023 (ECF No. 83).

17. Over the course of the following week, Plaintiffs proposed a narrowed production of financial information by Connexin. Connexin promptly agreed to that proposal and produced the information. With Judge Welsh's further assistance, the Parties then settled the case in principle. *See* Letter, Dec., 22, 2023. The Parties' subsequent negotiations resulted in their signing a term sheet on January 19, 2024, and signing the Settlement Agreement on February 13, 2024.

18. The Settlement Agreement provides for Connexin's funding of a non-reversionary Settlement Fund of $4,000,000.00 within 30 days after the Court grants preliminary approval. The

Settlement Fund will be distributed to Settlement Class Members pursuant to the Notice Plan (*see* Ex. 1, Settlement Agreement, §§ 6.1–6.9), from which the Settlement Administrator will disburse funds and other relief to Settlement Class Members (less any amounts used to pay for Administrative Expenses, including Notice, Fee Award and Costs, and Service Awards).[2] The Settlement Agreement also provides that Connexin will invest in certain business changes intended to strengthen its data and information security, which Connexin estimates will cost in the range of $1,500,000.00.

19. After soliciting competitive bids, Plaintiffs' Counsel have selected (with Connexin's consent) Epiq Class Action & Claims Solutions, Inc. ("Epiq") to be the Settlement Administrator. Within 14 days after Preliminary Approval, Connexin will provide to the Settlement Administrator the Settlement Class List, which the Agreement defines as "a list of the names and any contact information of the Class Members that [Connexin] has in its possession, custody, or control." Ex. 1 § 6.4. Using that list, Epiq will run the postal addresses of Class Members through the USPS National Change of Address database to account for any change of address on file with the USPS.

20. Epiq is also responsible for establishing and maintaining a Settlement Website that will host a standard "Long Form" notice. The Website will also summarize the Settlement Agreement, advise Settlement Class Members of key dates and deadlines, and include copies of key documents in the case. Settlement Class Members will be able to use the Settlement Website to submit such claim forms electronically and download claim forms for printing and mailing.

21. Plaintiffs' Counsel maintained regular contact with Plaintiffs, particularly just prior to filing the consolidated complaint, and through the discovery process, including preparing for

---

[2] All capitalized terms are defined in the Settlement Agreement. *See* Ex. 1 § 1.

and defending Plaintiffs' depositions. Plaintiffs have been actively involved in the litigation, and uniformly support the settlement.

22. Plaintiffs' Counsel will request a service award of up to $2,500 for each Named Plaintiff in recognition of the time, effort, and expense they incurred in pursuing claims benefiting the Class.

23. Plaintiffs' counsel have devoted substantial resources to the prosecution of this action by investigating Plaintiffs' claims and those of the Settlement Class, including: obtaining, reviewing and analyzing Plaintiffs' detailed personal records; analyzing thousands of pages of Connexin's records, particularly in the process of preparing to depose several key Connexin witnesses; analyzing the scope and number of persons impacted by the Data Breach; analyzing Connexin's financial condition with ongoing expert assistance; participating in mediation and several follow up conferences with Judge Welsh; and, ultimately, negotiating a settlement that provides meaningful relief for the Settlement Class, despite the substantial litigation and financial risks presented by the case. All of the work performed by Plaintiffs' counsel on this case has been on a contingency fee basis.

24. Plaintiffs collectively request that the Court appoint Mr. Cohen and me as Settlement Class Counsel. Copies of Shub & Johns LLC's and Bailey Glasser LLP's firm resumes are attached to this Declaration as Exhibits 2 and 3.

25. Plaintiffs are also represented in this matter by the Plaintiffs Steering Committee, which collectively maintains vast class action and data breach litigation experience. The Plaintiffs Steering Committee has been apprised of the terms of the Settlement, and concurs in Interim Co-Lead Counsel's determination that it is well within the range of possible approval, represents a fair, reasonable, and adequate settlement, and is in the best interests of the Settlement Class.

26. A proposed order granting the relief requested in Plaintiffs' Motion is attached hereto as Exhibit 4.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of February, 2024, in Drexel Hill, Pennsylvania.

By: _/s/ Benjamin F. Johns_
       Benjamin F. Johns
       (PA Bar No. 201373)