# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement"), dated February 14, 2024, is made and entered into by and among Plaintiffs, for themselves individually and on behalf of the Settlement Class (as defined below), and Defendant Connexin Software, Inc. d/b/a Office Practicum ("Defendant" or "Connexin"), collectively ("the Parties"). This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

**WHEREAS**, on or around August 26, 2022, Connexin, a healthcare recordkeeping vendor to pediatric offices across the country, became aware of a data security incident on one of its own servers (the "Data Security Incident").

**WHEREAS,** a subsequent investigation determined that a hacking group named "TommyLeaks" illegally targeted one of Connexin's servers and was able to access the personal data of approximately 3,000,000 people.

**WHEREAS**, the information contained in the files varied by individual, but in some cases may have included patient demographic information (such as patient name, guarantor name, parent/guardian name, address, email address, and date of birth), Social Security Numbers ("SSNs"), health insurance information (payer name, payer contract dates, policy information including type and deductible amount and subscriber number), medical and/or treatment information (dates of service, location, services requested, or procedures performed, diagnosis, prescription information, physician names, and Medical Record Numbers); and/or billing and/or claims information (invoices, submitted claims and appeals, and patient account identifiers used by their provider); human resource information; and compensation data (collectively, "Personal Information").

**WHEREAS,** Connexin began notifying impacted individuals about the Data Security Incident in or around December 2022.

**WHEREAS**, on March 30, 2023, the Court issued an order appointing Benjamin F. Johns of Shub & Johns LLC and Bart D. Cohen of Bailey & Glasser LLP as interim co-lead Plaintiffs' counsel pursuant to Fed. R. Civ. P. 23(g).

**WHEREAS**, on April 28, 2023, Plaintiffs filed the operative Consolidated Amended Complaint.

**WHEREAS,** on August 17, 2023, the Court issued an Order granting in part and denying in part Connexin's partial motion to dismiss the Consolidated Amended Complaint ("Complaint").

**WHEREAS**, on November 13, 2023, after extensive discovery was conducted in the Action, the Parties participated in mediation with Hon. Diane M. Welsh (Ret.).

**WHEREAS**, in preparation for the scheduled mediation, the Parties exchanged certain confidential information and documents. The Parties also prepared for mediation by laying out their respective positions on the litigation, including with respect to the merits, class certification and settlement, to each other and to the mediator.

**WHEREAS**, the November 13, 2023, mediation assisted the Parties in getting closer to reaching a resolution; however, the Parties were unable to reach an agreement that day.

**WHEREAS**, in the weeks following the mediation, the Parties maintained an open dialogue and Plaintiffs requested—and Defendant produced—additional confidential discovery concerning Connexin's financial health, which Plaintiffs analyzed with the assistance of an expert. The Parties ultimately reached an agreement in principle on December 21, 2023, and executed a term sheet on January 19, 2024.

**WHEREAS**, Connexin is in the process of obtaining funding that will be used in part to finance the Settlement Fund defined herein, and will take reasonable commercial steps to obtain funding for the same.

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of members of the Settlement Class defined herein, but excludes the claims of any Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS**, Plaintiffs and Class Counsel have thoroughly examined the law and facts relating to the matters at issue in the Action, to Plaintiffs' claims, and to Connexin's potential defenses, including conducting independent investigation, written discovery, taking and defending depositions, conferring with defense counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion to dismiss. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Connexin may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation, as well as Connexin's financial position.

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS**, Connexin has similarly concluded that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Plaintiffs acknowledge that Connexin specifically denies any and all wrongdoing, and has concluded this matter strictly to avoid protracted litigation. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Connexin of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

## 1.    DEFINITIONS

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means the case captioned *Barletti et al. v. Connexin Software Inc. d/b/a Office Practicum*, Case No. 2:22-cv-04676-JDW pending in the United States District Court for the Eastern District of Pennsylvania before the Honorable Joshua D. Wolson, along with all other cases consolidated therewith.

1.2    "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator as agreed upon by both Parties or by order of the Court in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4    "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5    "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.6     "CAFA Notice" means the notice of the proposed Settlement sent by or on behalf of Connexin to the appropriate Federal and State officials, pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after filing for approval of this proposed Settlement Agreement with the Court.

1.7     "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.8     "Claim Form" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.9     "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

1.10    "Class Counsel" means Benjamin F. Johns of Shub & Johns LLC and Bart D. Cohen of Bailey & Glasser LLP, as Settlement Class Counsel (collectively "Class Counsel" or "Settlement Class Counsel")

1.11    "Class Member" means a member of the Settlement Class.

1.12    "Class Representatives" and "Plaintiffs" means Kazandra Barletti, individually and as the parent of minors A.B. and C.B.; Andrew Recchilongo; Sharonda Livingston, individually and as the parent of minor K.J.; Bradley Hain, individually and as the parent of minors N.H. and T.H.; and Hailey Jowers.

1.13    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.14    "Data Security Incident" refers to the unauthorized access that is the subject of the Action and that was detected on Connexin's computer network on or about August 26, 2022.

1.15    "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of Data Security Incident, as further described below. Documented Loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not related to the Data Security Incident and incurred on or after August 26, 2022.

1.16 "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

1.17 "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.18 "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of reasonable litigation costs and expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

1.19 "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement. The form of the Final Approval Order will be agreed to by the Parties and submitted contemporaneously with Plaintiffs' Motion for Final Approval of the Settlement.

1.20 "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to the Federal Rules of Civil Procedure and whether to issue the Final Approval Order and Judgment.

1.21 "Connexin's Counsel" or references to counsel for Connexin means attorneys Theresa A. Mongiovi and Abraham J. Rein at the law firm Post & Schell, P.C.

1.22 "Connexin" or "Defendant" means Defendant Connexin Software, Inc. or Office Practicum and its current and former affiliates, parents, subsidiaries, and successors.

1.23 "Escrow Account" means an interest-bearing bank escrow account established and administered by the Settlement Administrator.

1.24 "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit B**.

1.25 "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee Award and Costs, and (iv) Taxes, if any.

1.26 "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice, the Long Form Notice, and the Settlement Website and toll-free telephone line.

1.27 "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall

be no later than thirty-five (35) days after Defendant Connexin funds the Settlement Fund.

1.28    "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.29    "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be sixty (60) days following the Notice Date. The deadline for filing an objection will be clearly set forth in the Settlement Class Notice.

1.30    "Opt-Out Period" means the period in which a Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire sixty (60) days following the Notice Date. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.31    "Parties" means the Plaintiffs and Defendant Connexin.

1.32    "Personal Information" means personally identifiable information and/or personal health information, including demographic information (such as patient name, guarantor name, parent/guardian name, address, email address, and date of birth), Social Security Numbers ("SSNs"), health insurance information (payer name, payer contract dates, policy information including type and deductible amount and subscriber number), medical and/or treatment information (dates of service, location, services requested, or procedures performed, diagnosis, prescription information, physician names, and Medical Record Numbers); and billing and/or claims information (invoices, submitted claims and appeals, and patient account identifiers used by their provider); human resource information; and compensation data.

1.33    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit D**.

1.34    "Qualified Settlement Fund" means an account established by the Settlement Administrator that meets the requirements of 26 C.F.R. § 1.468B-1(c).

1.35    "Reasonable Documentation" means documentation supporting a claim for Documented Loss including, but not limited to, credit card statements, bank statements, invoices, police reports, telephone records, and receipts.

1.36    "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description— whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted against a Released Party on behalf of the Settlement Class related to or arising from the Data Security Incident regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, fixed or contingent, or arising out of or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action.

1.37    "Released Parties" means Defendant and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of its past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

1.38    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation, as set forth below.

1.39    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.40    "Settlement Administrator" means Epiq, the third-party class action settlement administrator selected by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Connexin may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.41    "Settlement Benefit(s)" means any Settlement Payment, the Credit Monitoring and Insurance Services, the Documented Loss Payments, the Cash Fund Payments, the Prospective Relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.42    "Settlement Class" and "Class" means all natural persons whose Personal Information was compromised in the Data Security Incident. Excluded from the Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) Connexin, its subsidiaries, parent companies, successors, predecessors, and any entity in which Connexin or its parents, have a controlling interest, and its current or former officers and directors; (3) natural

7

persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.43    "Settlement Fund" means the sum of $4,000,000.00 to be paid by Connexin, as specified in Section 3.1 of this Agreement.

1.44    "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.2 or Section 3.9 herein.

1.45    "Settlement Website" means the Internet website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.46    "Summary Notice" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit C**.

1.47    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with

respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.48 "Unknown Claims" means any and all Released Claims that Connexin or any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date including but not limited to any which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.   SECURITY COMMITMENTS; PROSPECTIVE RELIEF

Connexin shall pursue SOC II certification – a certification that Connexin has met a set of voluntary compliance standards related to the best practices for storage of customer data – over the next four (4) years and will continue to invest in other business changes intended to strengthen Connexin's data and information security, which Connexin estimates will cost in the range of $1,500,000.00. This commitment is a material term of the settlement and enforceable as such. Connexin agrees to provide Class Counsel with written verification that it is in compliance with this paragraph before the motion for final approval of the settlement is due to be filed with the Court.

## 3.   SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1 Connexin agrees to make or cause to be made the Settlement Payment to create the Settlement Fund as follows: within thirty (30) days after the latest of (a) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to pursuant to Treasury Regulation § 1.468B-1(c)(1), (b) Connexin's receipt of the funding from its debt financing sources necessary to finance the Settlement Fund defined herein, or (c) receipt from the Settlement Administrator of detailed wire instructions and a completed W-9 form. Connexin agrees to and shall cause the $4,000,000 to be deposited in an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a "Qualified Settlement Fund" in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), the Fee Award and Costs, and Service Awards.

(a)  All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

(b)  The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous Section) shall be consistent with this Section and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)  The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.2   Allocation of Net Settlement Fund: The Settlement Fund, net of costs for notice, applicable Taxes, and administration, Plaintiffs' Fee Award and Costs, and class representative Service Awards (the "Net Settlement Fund"), will be allocated among class members pursuant to a plan of allocation set forth below in Section 3.7. Class Members may select one of the three options in Sections 3.2(a), (b), and (c) below.

(a)  Expanded Identity Theft and Fraud Monitoring.  In lieu of the Class Member benefits described above, Class Members will be entitled to claim Expanded Identity Theft and Fraud Monitoring program lasting three (3) years, and offering up to $1,000,000 in insurance for any losses due to fraud

or identity theft during that time as well as access to a dedicated fraud/identity theft rehabilitation specialist. Class Members who accepted the Defendant's original offer of Identity Theft and Fraud Monitoring shall be entitled to the additional monitoring offered under the Settlement. The cost of this program (but not Defendant's original offer of monitoring) will be paid from the Settlement Fund.

(b)     <u>Reimbursement for Actual Out-of-Pocket Losses and Attested Time</u> <u>("Documented Loss Payment")</u>. Class Members may submit a claim for actual out of pocket losses that are more likely than not related to the Data Security Incident and time spent dealing with it (in accordance with the schedule below), cumulatively up to $7,500.00 per individual. Class Members must provide documentation for the following losses (aside from reasonable lost time, which shall not be subject to a documentary proof requirement), and affirm under penalty of perjury their belief that the claimed losses are due to the Data Incident:

     i.   Long distance telephone charges.

     ii.   Cell phone minutes (if charged by the minute).

     iii.   Internet usage charges (if either charged by the minute or incurred solely as a result of the Data Security Incident).

     iv.   Costs of credit reports purchased between August 26, 2022 and the Claims Deadline.

     v.   Documented costs paid for credit monitoring services and/or fraud resolution services purchased between August 26, 2022 and the Claims Deadline, provided claimant provides sworn statement that the monitoring or service was purchased primarily because of the Data Security Incident and not for other purposes.

     vi.   Documented expenses directly associated with dealing with identity theft or identity fraud related to the Data Security Incident.

     vii.   Other documented losses incurred by Class Members that are more likely than not related to the Data Security Incident as reasonably determined by the Settlement Administrator.

     viii.   Hours of lost time dealing with the security incident at $30/hour, up to five (5) hours maximum per settlement class member, who must provide a sworn check-box attestation that time claimed was spent dealing with the aftermath of the Data Security Incident, and a brief description of the time spent.

(c)     <u>Alternative Cash Payment</u>. In lieu of making a monetary claim under Sections 3.2(a) or 3.2(b) above, Settlement Class Members may submit a

claim to receive a flat-fee Alternative Cash Payment. The amount of the Alternative Cash Payment will be determined in accordance with the Plan of Allocation in Section 3.7 after amounts sufficient to pay reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, Service Awards approved by the Court, any amounts approved by the Court for the Fee Award and Costs, Taxes, and Approved Claims for benefits in Sections 3.2(a) and 3.2(b)` have been deducted from the Settlement Fund.

3.3    <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option with the Settlement Administrator, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.4    <u>Deadline to File Claims.</u> Claim Forms must be postmarked if mailed, or received electronically if submitted electronically, within ninety (90) days after the Notice Date.

3.5    <u>The Settlement Administrator.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have thirty (30) days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable.

3.6    <u>Timing of Settlement Benefits.</u> Within thirty (30) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member with an Approved Claim.

3.7    <u>Plan of Allocation</u>. The Settlement Fund shall be used to make payments in the following order: (i) all Administrative Expenses, (ii) Fee Award and Costs and Plaintiff Service Awards, as approved by the Court, (iii) the costs of providing the Expanded Identity Theft and Fraud Monitoring pursuant to Section 3.2.(a); (iv) Reimbursement for Actual Out-of-Pocket Losses and Attested Time pursuant to Section 3.2(b); (v) approved Alternative Cash Benefit payments pursuant to Section 3.2(c), on a *pro rata* basis to exhaust the balance of the Net Settlement Fund. Each Class Member may submit only one claim for himself or herself but may submit additional claims for other Class Members who are under the age of eighteen (18) at the time of the claim submission, and for whom they are a parent or legal guardian.

3.8    <u>Deadline to Deposit or Cash Physical Checks</u>. Class Members with Approved Claims who receive a Documented Loss Payment or an Alternative Cash Fund Payment, by physical check, shall have one hundred twenty (120) days following distribution to deposit or cash their physical check.

3.9    <u>Distribution of Remainder Funds</u>. To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) days after the distribution of all Settlement Payments to the Class Members, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims for monetary payments under either Sections 3.2(b)or 3.2(c) above and who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment amount in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed by mutual agreement of the Parties to a Court-approved non-profit recipient. Should it become necessary to distribute any remaining amount of the Net Settlement Fund to a Court-approved non-profit recipient, the Parties shall petition the Court for permission to do so, providing the Court with details of the proposed non-profit recipient.

3.10   <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within thirty (30) days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to repay or resend a Settlement Payment.

3.11   <u>Residue of Settlement Fund</u>. No portion of the Settlement Fund shall ever revert or be repaid to Connexin after the Effective Date.

3.12   <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to Defendant in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of final approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Defendant Connexin, and no other person or entity shall have any further claim whatsoever to such amounts.

3.13   <u>Non-Reversionary</u>. This is a non-reversionary settlement. As of the Effective Date, all rights of Connexin in or to the Settlement Fund shall be extinguished, except in

the event this Settlement Agreement is voided, cancelled, or terminated, as set forth herein. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Connexin.

3.14   Payment / Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Court's order granting approval to the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Connexin's Counsel with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) Business Days prior to making such withdrawal or payment.

3.15   Payments to Class Members. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.16   Taxes. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative, or Class Member as a result of any benefit or payment received as a result of the Settlement. Each Claimant, Class Representative, and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.17   Limitation of Liability.

(a)   Connexin and its Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in

connection with the taxation of the Settlement Fund or the filing of any returns.

(b)     Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and Connexin, and Connexin's Counsel harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 4.     RELEASE

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Security Incident or otherwise arises out of the same facts and circumstances set forth in the class action complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement, or to any Class Member (or the estate of any Class Member) who has been confirmed to be deceased.

4.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.     REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit D**.

5.2     <u>CAFA Notice</u>. Within ten (10) days after Class Counsel files the motion for preliminary approval of the Settlement, Defendant shall send the CAFA Notice to the appropriate Federal and State officials, pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Defendant shall prepare the CAFA Notice, which will include as exhibits the preliminary approval motion with all exhibits, the Agreement with all exhibits, all complaints filed, notices of any scheduled hearings; class notices, judgments; and all other information required by 28 U.S.C. § 1715(b) that is known at the time of mailing.  Defendant shall bear the costs of such notice. When Defendant provides the CAFA Notice in accordance with Section 5.2 of this Agreement, they shall provide copies of the CAFA Notice to Class Counsel.

5.3     <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.4     <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Connexin reserves the right to contest class certification for any and all other purposes. The Parties Plaintiffs and Connexin further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.5     <u>Final Approval</u>. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than one hundred twenty (120) days after the entry of the Preliminary Approval Order.

**6.      CLASS NOTICE, OPT-OUTS, AND OBJECTIONS**

6.1      Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2      The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3      <u>Direct Notice</u>. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members via direct mail.

6.4      <u>Settlement Class List</u>. Within fourteen (14) days after the issuance of the Preliminary Approval Order, Connexin will provide to the Settlement Administrator a list of the names and any contact information of the Class Members that it has in its possession, custody, or control, and which have had confirmed deceased individuals removed. Every person on the Settlement Class List will be provided with a unique identifier by the Settlement Administrator that they will be asked for when they submit claims. Anyone who believes they are a Settlement Class Member but are not on the Settlement Class List may contact the Settlement Administrator and, upon providing reasonable proof, will be provided with a unique identifier and allowed to participate in the Settlement.

6.5      <u>Confidentiality</u>. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Class Counsel and Connexin's Counsel, and will ensure that any information provided to it by Class Members, Class Counsel, Connexin, or Connexin's Counsel, will be secure and used solely for the purpose of effecting this Settlement.

6.6      <u>Fraud Prevention</u>. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the Claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7     <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

6.8     <u>Opt-Out/Request for Exclusion</u>. The Notice shall explain that the procedure for Class Members to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than sixty (60) days after the Notice Date. Any Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and must identify the case name "*Barletti et al. v. Connexin Software Inc. d/b/a Office Practicum*"; state the name, address, telephone number and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member seeking to opt out; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in '*Barletti et al. v. Connexin Software Inc. d/b/a Office Practicum*.'" Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be made on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

6.9     <u>Objections</u>. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than sixty (60) days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this Section. No

Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within sixty (60) days following the Notice Date. All written objections and supporting papers must clearly (a) state the Class Member's full name, current mailing address, and telephone number; (b) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Security Incident); (c) identify the specific factual and legal grounds for the objection; (d) identify all counsel representing the Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (f) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them to: Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 or by filing them in person at the Courthouse. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this Section shall be deemed to have waived any objections and shall be forever barred from raising such objections.

7.    **SETTLEMENT ADMINISTRATION**

7.1    <u>Submission of Claims</u>.

(a)    <u>Submission of Electronic and Hard Copy Claims</u>. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b)    <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2    <u>Settlement Administrator's Duties</u>.

(a)    <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost

effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

(b) <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice Plan as provided for in this Agreement.

(c) <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Connexin's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Connexin's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

(i) Receive Requests for Exclusion from Class Members and provide Class Counsel and Connexin's Counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Connexin's Counsel;

(ii) Provide weekly reports to Class Counsel and Connexin's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Connexin's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii) Make available for inspection by Class Counsel and Connexin's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

(iv) Cooperate with any audit by Class Counsel or Connexin's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3     <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8.     SERVICE AWARDS

8.1     Class Representatives and Class Counsel may seek Service Awards to the five Class Representatives of up to $2,500 for each. Class Counsel will file a motion seeking Court approval of the requested Service Awards on or before fifty (50) days following the Notice Date.

8.2     The Settlement Administrator shall pay any Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within five (5) business days after the Effective Date.

8.3     In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4     The Parties did not discuss or agree upon the amount of the maximum amount of Service Awards for which Class Representatives can apply for, until after the substantive terms of the Settlement had been agreed upon.

## 9.     ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1     Class Counsel may file a motion seeking an award of attorneys' fees of up to 1/3 (one-third) of the Settlement Fund, and, additionally, reasonably incurred litigation expenses and costs (not to exceed $50,000), on or before fifty (50) days following the Notice Date (the "Fee Award and Costs" motion). The Fee Award and Cost motion shall be posted on the Settlement Website promptly after it is filed, and before the deadline for filing objections or opt-outs.

9.2     The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement Fund, within five (5) business days after the Effective Date.

9.3     Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves and other Plaintiffs' firms that have filed a case and worked on this matter.

9.4     The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee Award and Costs or Service Awards.

9.4    Connexin expressly reserves the right to challenge or object to Plaintiffs' requested Fee Award and Costs.

## 10.    EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1    The Effective Date of the Settlement shall be the first business day after all of the following conditions have occurred:

(a)    Connexin and Class Counsel execute this Agreement;

(b)    The Court enters the Preliminary Approval Order attached hereto as **Exhibit D**, without material change;

(c)    Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)    The Court enters the Final Approval Order without material change; and

(e)    The Final Approval Order have become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2    In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Section 10.1(e) of this Agreement), Connexin may at its sole discretion terminate this Agreement on five (5) Business Days written notice from Connexin's Counsel to Class Counsel. If Connexin elects to terminate this Agreement under any of those circumstances, the balance of the Settlement Fund (after payment of costs of notice and administration necessary for the preliminary and final approval process), plus any interest earned on the Settlement Fund, shall be returned to Connexin within fourteen (14) days after Connexin communicates that election to Plaintiffs.

10.3    In the event the Connexin's debt financing sources fail to provide  financing for the Settlement Fund within sixty (60) of the entry of the Preliminary Approval Order, the Parties agree that this Settlement Agreement shall be void ab initio, except that the Parties will meet and confer as to the merit of continued negotiations, but in no event shall the failure to obtain financing constitute a breach of this Settlement Agreement. Under no circumstances shall Plaintiffs or Class Counsel be responsible for paying the costs associated with notifying the class or administrating the settlement in the event that Connexin is unable to obtain the necessary financing.

10.4    Notwithstanding anything else herein, in the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Section, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the Fee Award and Costs and/or Service Awards.

10.5    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.6    In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void and shall have no legal effect, and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.7    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any Court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Defendant Connexin as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant Connexin with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in

any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Connexin;

(b)   shall not be offered or received against Connexin as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Connexin;

(c)   shall not be offered or received against Connexin as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Connexin, in any other civil, criminal, or administrative or governmental action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)   shall not be construed against Connexin as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)   shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by Connexin have any merit.

## 12.    REPRESENTATIONS

12.1   Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13.    NOTICE

13.1   All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

**SHUB & JOHNS LLC**
Benjamin F. Johns
Four Tower Bridge

200 Barr Harbor Drive, Ste 400
Conshohocken, PA 19428
bjohns@shublawyers.com

**BAILEY & GLASSER LLP**
Bart D. Cohen
1622 Locust Street
Philadelphia, PA 19103
bcohen@baileyglasser.com

*Plaintiffs' Co-Lead Counsel*

13.2   All notices to Connexin or Connexin's Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

**POST & SCHELL, P.C.**
Theresa A. Mongiovi
Abraham J. Rein
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103

TMongiovi@postschell.com
ARein@PostSchell.com

*Attorneys for Defendant Connexin*

13.3   All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the following address:

TBD

13.4   The notice recipients and addresses designated in this Section may be changed by written notice agreed to by the Parties and posted on the Settlement Website.

**14.   MISCELLANEOUS PROVISIONS**

14.1   <u>Representation by Counsel</u>. The Class Representatives and Connexin represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2   <u>Best Efforts</u>. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3 <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4 <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5 <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6 <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.7 <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8 <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, except as provided in Section 10.4, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9 <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.10 <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11 <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12 <u>Interpretation</u>.

    (a)    Definitions apply to the singular and plural forms of each term defined.

    (b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13 <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.14 <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations with the assistance of an experienced mediator.

14.15 <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.16 <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.17 <u>Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.18 <u>Counterparts and Signatures</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.19 <u>Facsimile and Electronic Mail</u>. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.20 <u>No Assignment</u>. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.21   <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.22   <u>Dollar Amounts</u>. All dollar amounts are in United States dollars.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

**SHUB & JOHNS LLC**

Dated: February 14, 2024

_____
Benjamin F. Johns
*On behalf of Plaintiffs*

**BAILEY & GLASSER LLP**

Dated: February 14, 2024

_____
Bart D. Cohen
*On behalf of Plaintiffs*

**POST & SCHELL, P.C.**

Dated: February 14, 2024

_____
Theresa A. Mongiovi
*On behalf of Defendant,*
*Connexin Software, Inc.*

**POST & SCHELL, P.C.**

Dated: February 14, 2024

_____
Abraham J. Rein
*On behalf of Defendant,*
*Connexin Software, Inc.*

29

**EXHIBIT A**

**Defendant, Connexin Claim Form**

### CLAIM FORM FOR CONNEXIN DATA SECURITY INCIDENT BENEFITS
***Connexin Data Security Incident Litigation,***
**(*Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum*, Case No. 2:22-cv-04676-JDW, E.D. Pa.)**

**USE THIS FORM TO MAKE A CLAIM FOR EXPANDED IDENTITY THEFT AND FRAUD MONITORING SERVICES; FOR A DOCUMENTED LOSS PAYMENT; OR FOR AN ALTERNATIVE CASH FUND PAYMENT**

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.xxxxxxxxxxxxxx.com.*

**The DEADLINE to submit this Claim Form is postmarked: xxxxx**

## I.      GENERAL INSTRUCTIONS

If you are an individual who was notified that you are a class member of a settlement that was reached as a result of a data security incident that occurred when personal information on a computer server of  Connexin Software, Inc. d/b/a Office Practicum ("Connexin") were accessed by a third party actor (the "Data Security Incident"), you are a Class Member.

As a Class Member, you are eligible to make a claim for **one of the following three options:**

> (1)  Three (3) years of Expanded Identity Theft and Fraud Monitoring Services and $1 million in insurance ("EITFMS");
>
> OR
>
> (2)  up to a $7,500 cash payment for reimbursement of certain Out-of-Pocket Losses that are more likely than not a result of the Connexin Data Security Incident ("Reimbursement for Out-of-Pocket Losses");
>
> OR
>
> (3)  a pro rata Cash Fund Payment, the amount of which will depend on the number of Class Members who participate in the Settlement and submit valid claims for EITFMS and Documented Loss Payments.

The Expanded Identity Theft and Fraud Monitoring Services will include the following services, among others: (i) up to $1,000,000 of identity theft insurance coverage; and (ii) three (3) years of credit monitoring providing, among other things, notice of changes to the Class Member's credit profile. If you already subscribed to credit monitoring services through a previous offer of credit monitoring from Connexin, or from another provider obtained as a result of the breach, you will be entitled to the additional monitoring for no additional charge.

Cash Fund Payments may be reduced or increased *pro rata* (equal share) depending on how many Class Members submit claims. Complete information about the Settlement and its benefits are available at www.xxxxxxxxxxxxxx.com.

**Please complete this Claim Form on behalf of the individual who received a notification from Connexin.**
**If you are the parent or guardian of a minor who received a notification, please complete the form, including the Claimant Information, using the minor's personal information.**

This Claim Form may be submitted online at www.xxxxxxxxxxxx.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Connexin Data Breach Settlement
Settlement Administrator
PO Box 5735
Portland, OR 97228-5735

## II. CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments and Expanded Identity Theft and Fraud Monitoring Services, you must notify the Settlement Administrator in writing at the address above.

First Name                          M.I.    Last Name

Parent or Guardian Name if submitting this claim on behalf of a minor.

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                State:        Zip Code:

Cellular Telephone Number                    Home Telephone Numbers

Email Address

Unique ID Number Provided on mailed Notice

☐ **Please check this box if you are a parent or guardian submitting this claim on behalf of a minor.**

**You may select ONE of the following options:**

**III. EXPANDED IDENTITY THEFT AND FRAUD MONITORING SERVICES**

☐ If you wish to receive Expanded Identity Theft and Fraud Monitoring Services, you must check off the box for this section, provide your email address in the space provided in Section II, above, and return this Claim Form. Submitting this Claim Form will not automatically enroll you into Expanded Identity Theft and Fraud Monitoring Services. To enroll, you must follow the instructions sent to your email address after the Settlement is approved and becomes final (the "Effective Date"). You do not need to submit any additional documents if you are electing this category, so long as you provide your Unique ID Number that was provided on your mailed notice.

**Questions? Go to www.xxxxxxxxxxxx.com or call 1-888-888-8888**

**OR**

## IV. REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

[ ] Please check off this box for this section if you are electing to seek reimbursement for up to $7,500 of certain Documented Losses you incurred that are more likely than not related to the Connexin Data Security Incident. Documented Losses include unreimbursed losses and consequential expenses that are more likely than not related to the Connexin Data Security Incident and incurred on or after August 26, 2022.

In order to make a claim for a Documented Loss Payment, **you must** (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section VIII); and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. To be reimbursed, Documented Losses need to be deemed more likely than not related to the Connexin Data Security Incident by the Settlement Administrator based on the documentation you provide and the facts of the Connexin Data Security Incident. **Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ○ Long distance telephone charges | [ ] / [ ] / [ ] (mm/dd/yy) | $ [ ] . [ ] | *Examples: Account statement with charges highlighted* |
| ○ Cell phone minutes (if charged by the minute) | [ ] / [ ] / [ ] (mm/dd/yy) | $ [ ] . [ ] | *Examples: Account statement with charges highlighted* |
| ○ Internet usage charges (if either charged by the minute or incurred solely as a result of the Data Security Incident) | [ ] / [ ] / [ ] (mm/dd/yy) | $ [ ] . [ ] | *Examples: Account statement with charges highlighted* |
| ○ Cost of credit reports purchased between August 26, 2022 and the Claims Deadline | [ ] / [ ] / [ ] (mm/dd/yy) | $ [ ] . [ ] | *Examples: Notices or account statements reflecting payment for a credit report* |
| ○ Credit monitoring that was ordered after August 26, 2022 through the date on which the Expanded | [ ] / [ ] / [ ] (mm/dd/yy) | $ [ ] . [ ] | *Example: Receipts or account statements reflecting purchases made for Expanded Identity Theft and Fraud Monitoring Services* |

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Identity Theft and Fraud Monitoring Services become available through this Settlement | | | |
| ○ Documented expenses directly associated with identity theft or identity fraud related to the Data Security Incident | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Example: Account statements or reports reflecting unreimbursed fraudulent charges or correspondence from financial institution declining to reimburse fraudulent charges* |
| ○ Other (provide detailed description) | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | *$ ☐☐☐☐ . ☐☐* | *Please provide detailed description below or in a separate document submitted with this Claim Form:* |

## V. COMPENSABLE LOST TIME

☐   If you wish to receive reimbursement for compensable lost time dealing with the Data Security Incident at the rate of $30/hour, you must check off the box for this section and select the amount of time you spent and a brief description of the time spent.

☐ 1 hour   ☐ 2 hours   ☐ 3 hours   ☐ 4 hours   ☐ 5 hours

**If you do not submit Reasonable Documentation supporting a Documented Loss Payment claim, or your claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, your claim will be considered for a Cash Fund Payment.**

**Detailed Description of Time Spent and/or Documented Losses:**

_____

_____

_____

_____

_____

_____

_____

## VI. ATTESTATION
## (REQUIRED FOR DOCUMENTED LOSS PAYMENT CLAIMS ONLY)

☐ Check this box to attest that I suffered the Documented Losses claimed above.

## <u>OR</u>

## VII. ALTERNATIVE CASH PAYMENT

☐ If you wish to receive an Alternative Cash Payment, you must check off the box for this section, and then simply return this Claim Form. You do not need to submit any additional documents if you are electing this category, so long as you provide your Unique ID Number that was provided on your mailed notice.

You will receive an email sent to the email address provided above after Final Approval prompting you to select how you would like to be paid. You can receive payment via a digital payment, or you can elect to receive a check.

## VIII. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me.I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

_____          Date:_____
Signature

_____
Print Name

**EXHIBIT B**

**Defendant, Connexin Long Form Notice**

*Connexin Data Security Incident Litigation,*
**(Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum,** Case No. 2:22-cv-04676-JDW, E.D. Pa.)**

# Notice of Connexin Data Security Incident Class Action Settlement

*This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

*Para una notificación en español, llamar* PHONE NUMBER *o visitar nuestro sitio web*
*www.*XXXXXXXXXXXXXXXX*.com.*

- A proposed Settlement arising out of a Data Security Incident has been reached with Connexin Software, Inc. d/b/a Office Practicum ("Connexin"). On or about August 26, 2022, Connexin discovered a third party threat actor was able to access files stored on one of Connexin's servers. As a result, Personal Information of individuals who are or were patients of pediatric practices, employees, or otherwise affiliated with Connexin may have been accessed (the "Data Security Incident"). Impacted Personal Information may have included names, Social Security numbers, clinical information, human resource information, compensation data, and other medical or personal health information. If you were notified by Connexin that your Personal Information may have been compromised because of the Connexin Data Security Incident, you are included in this Settlement as a member of the Settlement Class.

- Under the Settlement, Connexin has agreed to establish a $4,000,000.00 Settlement Fund to (1) pay for three (3) years of expanded identity theft and fraud monitoring and $1 million in insurance ("Expanded Identity Theft and Fraud Monitoring Services" or "EITFMS"); or (2) provide reimbursement of up to $7,500.00 per Class Member for Class Members who incurred certain Out-of-Pocket Losses ("Reimbursement for Out-of-Pocket Losses"); or (3) provide *pro rata* Cash Fund Payment to Class Members ("Alternative Cash Payment"). The Settlement Fund will also be used to pay for the costs of the settlement administration, Court-approved Service Awards for named Plaintiffs, and the Fee Award and Costs. In addition, Connexin has agreed to undertake certain security commitments and business changes intended to strengthen Connexin's data and information security over a period of four (4) years.

- Your legal rights will be affected whether you act or do not act. You should read this entire Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM** DEADLINE: DATE | Submitting a Claim Form is the only way that you can receive any of the benefits provided by this Settlement, including Expanded Identity Theft and Fraud Monitoring Services, a Reimbursement for Out-of-Pocket Losses, or an Alternative Cash Payment. If you submit a Claim Form, you will give up the right to sue Connexin and certain Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT** DEADLINE: DATE | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Connexin, or certain Released Parties (as defined in the Settlement Agreement), for the claims this Settlement resolves. If you exclude yourself, you will give up the right to receive any Settlement Benefits from this Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** DEADLINE: DATE | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved. You will still be bound by the Settlement if it is approved, and you will not be allowed to exclude yourself from the Settlement. If you object, you may also file a Claim Form to receive Settlement Benefits, but you will give up the right to sue Connexin and Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **GO TO THE "FINAL APPROVAL" HEARING** DATE | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Approval Hearing. |
| **DO NOTHING** | If you do nothing, you will not receive any of the monetary Settlement Benefits and you will give up your rights to sue Connexin and certain Released Parties for the claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.ConnexinClassAction.com or call PHONE NUMBER.**

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## Basic Information

**1.        Why did I get this Notice?**

A court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is known as *Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum,* Case No. 2:22-cv-04676-JDW, E.D. Pa. (the "Action"), in the United States District Court for the Eastern District of Pennsylvania. The people who filed this lawsuit are called the "Plaintiffs" and the company they sued, Connexin Software, Inc. d/b/a Office Practicum, is called the "Defendant." The Plaintiffs and the Defendant agreed to this Settlement.

**2.        What is this lawsuit about?**

On or around August 26, 2022, a third party threat actor accessed files stored on one of Connexin's servers. As a result, Personal Information of individuals who are or were patients of pediatric practices, employees, or otherwise affiliated with Connexin may have been accessed. Impacted Personal Information may have included names, Social Security numbers, clinical information, and other medical or personal health information. After conducting a thorough investigation, Connexin began notifying individuals of the Data Security Incident in December 2022.

The Plaintiffs claim that Connexin failed to adequately protect their Personal Information and that they were injured as a result. Connexin denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. By entering into the Settlement, Connexin is not admitting that it did anything wrong.

**3.        Why is this a class action?**

In a class action, one or more people called the "Class Representatives" sue on behalf of all people who have similar claims. Together all of these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representatives in this case are Plaintiffs Kazandra Barletti, individually, as natural parent and next friend of A.B. and C.B., minors; Andrew Recchilongo; Sharonda Livingston, individually, as natural parent and next friend of K.J., a minor; Bradley Hain, individually, as natural parent and next friend of N.H. and T.H., minors; and Hailey Jowers.

**4.        Why is there a settlement?**

The Class Representatives and Connexin do not agree about the claims made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or Connexin. Instead, the Class Representatives and Connexin have agreed to settle the Action. The Class Representatives and the attorneys for the Class ("Class Counsel") believe the Settlement is best for all Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Connexin.

## Who Is Included in the Settlement

**5.        How do I know if I am part of the Settlement?**

The Court has decided that everyone who fits the following description is a Class Member:

All approximately 3 million natural persons whose Personal Information was compromised in the Data Security Incident. If you received Notice of this Settlement by mail or email, you are a Class Member, and your legal rights are affected by this Settlement.

If you did not receive Notice by mail or email, or if you have any questions as to whether you are a Class Member, you may contact the Settlement Administrator.

**6.        Are there exceptions to individuals who are included as Class Members in the Settlement?**

Yes, the Settlement does not include (1) the Judges presiding over the Action and members of their immediate families and staff; (2) Connexin, its subsidiaries, parent companies, successors, predecessors, and any entity in which Connexin or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

**7.     What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Class Member, you may go to the Settlement Website at www.<mark>ConnexinClassAction</mark>.com, or call the Settlement Administrator's toll-free number at <mark>PHONE NUMBER</mark>.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.     What does the Settlement provide?**

The Settlement will provide Class Members with the opportunity to select and make a claim for one the following three Settlement Benefits, which are discussed in further detail below:

> (A)  Three (3) years of Expanded Identity Theft and Fraud Monitoring Services and $1 million in identity theft insurance coverage ("EITFMS");
>
> **OR**
>
> (B)  Up to a $7,500.00 cash payment for reimbursement of certain Out-of-Pocket Losses that are more likely than not related to the Connexin Data Security Incident ("Reimbursement for Out-of-Pocket Losses");
>
> **OR**
>
> (C)  Alternative Cash Payments in amounts to be determined consistent with the terms of Section 3.7 of the Settlement Agreement. The amount of the Cash Fund Payments are unknown at this time but will be calculated based upon how many Class Members submit valid claims for EITFMS and for reimbursement of Reimbursement for Out-of-Pocket Losses.

In addition, Connexin has agreed to take certain remedial measures and enhanced security measures as a result of this Action.

Please review Question 9 carefully for additional information regarding the order in which Settlement Benefits are paid from the Settlement Fund. This additional information may impact your decision as to which of the three Settlement Benefit options is the best option for you.

### A.     Expanded Identity Theft and Fraud Monitoring Services.

You may file a Claim Form to receive Expanded Identity Theft and Fraud Monitoring Services. Expanded Identity Theft and Fraud Monitoring Services provide a way to protect yourself from unauthorized use of your personal information. If you already have credit monitoring services, you may still sign up for this additional protection. The Expanded Identity Theft and Fraud Monitoring Services provided by this Settlement are separate from, and in addition to, the credit monitoring and identity resolution services that may have been offered to you by Connexin in response to the Data Security Incident. You are eligible to make a claim for the Expanded Identity Theft and Fraud Monitoring Services being offered through this Settlement even if you did not sign up for the previous services.

Expanded Identity Theft and Fraud Monitoring Services include (i) up to $1 million of identity theft insurance coverage; and (ii) three (3) years of identity theft and fraud monitoring providing, among other things, notice of changes to the Class Member's credit profile.

To receive Expanded Identity Theft and Fraud Monitoring Services, you must submit a completed Claim Form selecting to receive Expanded Identity Theft and Fraud Monitoring Services. You do not need to provide additional documents for this claim – only the Unique ID number provided on your notice.

### B.     Reimbursement for Out-of-Pocket Losses.

In the alternative to Expanded Identity Theft and Fraud Monitoring Services, you may elect to submit a Claim Form for reimbursement of certain Out-of-Pocket Losses. If you spent money remedying or addressing identity theft and fraud that was more likely than not related to the Connexin Data Security Incident or you spent money to protect yourself from future harm because of the Connexin Data Security Incident, you may make a claim for a Reimbursement for Out-of-Pocket Losses for reimbursement of up to $7,500.00 in Documented Losses.

Out-of-Pocket Losses consist of unreimbursed losses incurred on or after August 26, 2022, that were related to identity theft and fraud and are more likely than not a result of the Connexin Data Security Incident, as well as any expenses related to the Connexin Data Security Incident. For example, long distance telephone charges; cell phone minutes (if charged by the minute); internet usage charges (if either charged by the minute or incurred solely as a result of the Data Security Incident); costs of credit reports purchased between August 26, 2022 and the Claims Deadline; documented costs paid for credit monitoring services and/or fraud resolution services purchased between August 26, 2022 and the Claims Deadline, provided you provide a sworn statement that the monitoring or service was purchased primarily because of the Data Security Incident and not for other purposes; documented expenses directly associated with dealing with identity theft or identity fraud related to the Data Security Incident; other document losses that are more likely than

not related to the Data Security Incident; and compensation for hours of lost time spend dealing with the Data Security Incident $30/hour, up to five (5) hours maximum per settlement class member ("Attested Lost Time"). Other losses or costs related to the Connexin Data Security Incident that are not insurance reimbursable may also be eligible for reimbursement. To protect the Settlement Fund and valid claims, all Claim Forms submitted that seek payment related to credit or debit card fraudulent transactions will be carefully scrutinized by the Settlement Administrator.

Claims for Reimbursement for Out-of-Pocket Losses must be supported by Reasonable Documentation. Reasonable Documentation means written documents supporting your claim, such as credit card statements, bank statements, invoices, police reports, telephone records, and receipts. Claims for Reimbursement for Attested Lost Time must be supported by a sworn check-box attestation that time claimed was spent dealing with the aftermath of the Data Security Incident.

Individual payments for Documented Losses may be reduced or increased depending on the number of Class Members that participate in the Settlement.

To receive a Reimbursement for Out-of-Pocket Losses, you must submit a completed Claim Form electing to receive a Reimbursement for Out-of-Pocket Losses. If you file a Claim Form for a Reimbursement for Out-of-Pocket Losses and it is rejected by the Settlement Administrator and you do not correct it, and you have not otherwise claimed Expanded Identity Theft and Fraud Monitoring Services, your Claim Form will be considered as an alternative claim for an Alternative Cash Payment.

### C. Alternative Cash Payment.

In the alternative to Expanded Identity Theft and Fraud Monitoring Services or Reimbursement for Out-of-Pocket Losses, you may elect to receive a cash payment. This is the "Alternative Cash Payment." The amount of the Alternative Cash Payment will vary depending on the number of valid claims that are submitted. To receive an Alternative Cash Payment, you must submit a completed Claim Form electing to receive an Alternative Cash Payment. You do not need to provide additional documents for this claim – only the Unique ID number provided on your notice.

You are not required to provide Reasonable Documentation with your Claim Form to receive an Alternative Cash Payment. Individual Alternative Cash Payments may be reduced or increased pro rata (equal share) depending on the number of Class Members that participate in the Settlement and the amount of money that remains in the Cash Fund after payments of other Settlement Benefits and charges with priority for payment under the Settlement. *See* Question 9 below.

### 9.     How will Settlement Benefits be paid?

Before determining which Settlement Benefit option from the Settlement is best for you (selecting Expanded Identity Theft and Fraud Monitoring Services, Reimbursement for Out-of-Pocket Losses, or an Alternative Cash Payment), it is important for you to understand how Settlement payments will be made. Administrative Expenses for costs of the settlement administration will be paid first. Then, Class Counsel fees and expenses and Service awards, as approved by the Court will be deducted from the Settlement Fund before making payments to Class Members. Class Counsel will seek attorneys' fees up to a maximum of 33.33% of the $4,000,000.00 Settlement Fund (i.e., $1,333,333.33), reasonable costs and expenses incurred by counsel for the Class not to exceed $50,000 (referred to collectively as Fee Award and Costs), and Service Awards of up to $2,500.00 to each of the Class Representatives. The Court may award less than these amounts. The remainder of the Settlement Fund will be distributed in the following order:

1.  Expanded Identity Theft and Fraud Monitoring Services claims will be paid first.
2.  If money remains in the Settlement Fund after paying for the Expanded Identity Theft and Fraud Monitoring Services, Reimbursement for Out-of-Pocket Losses claims will be paid second. If your claim for a Reimbursement for Out-of-Pocket Losses is rejected by the Settlement Administrator and you do not cure it, and you have not otherwise made a claim for Expanded Identity Theft and Fraud Monitoring Services, your claim for a Reimbursement for Out-of-Pocket Losses will instead be considered a claim for an Alternative Cash Payment.
3.  Approved Alternative Cash Payments. If money remains in the Settlement Fund after paying Expanded Identity Theft and Fraud Monitoring Services claims and Reimbursement for Out-of-Pocket Losses claims, the amount of the Settlement Fund remaining will be used to create a "Post EITFMS/Reimbursement Net Settlement Fund," which will be used to pay all Alternative Cash Payment claims. The value of the Alternative Cash Payments is unknown at this time but will be calculated by subtracting from the Settlement Fund the amounts paid for valid claims for Expanded Identity Theft and Fraud Monitoring Services and Reimbursement for Out-of-Pocket Losses, and after those expenses are deducted, the Post EITFMS/ Reimbursement Net Settlement Fund will be divided pro rata to individuals with approved claims for Alternative Cash Payments.

### 10.     Tell me more about Connexin's security commitments.

As a result of the Action, over the next four (4) years, Connexin has agreed to invest in other business changes intended to strengthen Connexin's data and information security, which Connexin estimates will cost in the range of $1,500,000.00. Connexin agrees to provide Class Counsel with written verification that it is in compliance with this paragraph before the motion for final approval of the settlement is due to be filed with the Court.

**11.      What is the total value of the Settlement?**

Not accounting for the cost of the enhanced security measures, the Settlement provides a $4,000,000.00 Settlement Fund for the benefit of the Class. Any Court-approved Fee Award and Costs, Service Awards to the Class Representatives, Taxes due on any interest earned by the Settlement Fund, if necessary, and any notice and settlement administration expenses will be paid out of the Settlement Fund, and the balance ("Net Settlement Fund") will be used to pay for the above Settlement Benefits. Any costs associated with Connexin's remedial and enhanced security measures will be paid by Connexin in addition to the Settlement Fund.

**12.      What am I giving up to get a Settlement Benefit or stay in the Class?**

Unless you exclude yourself, you are choosing to remain in the Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Connexin and the Released Parties about the legal issues in this Action, resolved by this Settlement, and released by the Class Action Settlement Agreement and Release. The specific rights you are giving up are called Released Claims (*see* next question).

**13.      What are the Released Claims?**

In exchange for the Settlement, Class Members agree to release Connexin and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing ("Released Parties") from any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined in the Settlement Agreement), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class related to or arising from the Data Security Incident, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action ("Released Claims").

The Class Representatives and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Security Incident or otherwise arises out of the same facts and circumstances set forth in the Consolidated Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any unidentified third party.

More information is provided in the Class Action Settlement Agreement and Release, which is available at www.ConnexinClassAction.com.

### How to Get Settlement Benefits—Submitting a Claim Form

**14.      How do I make a claim for Settlement Benefits?**

You must complete and submit a Claim Form by ==DATE==. Claim Forms may be submitted online at ==www.ConnexinClassAction.com== or printed from the website and mailed to the Settlement Administrator at the address on the form. Claim Forms are also available by calling ==PHONE NUMBER== or by writing to Connexin Data Breach Settlement Administrator, P.O. Box 5735, Portland, OR 97228-5735. The quickest way to file a claim is online.

If you received a Notice by mail, use your Claim Number to file your Claim Form. If you lost or do not know your Claim Number, please call ==PHONE NUMBER== to obtain it.

You may submit a claim for either (a) a Reimbursement for Out-of-Pocket Losses, **OR** (b) a claim for Expanded Identity Theft and Fraud Monitoring Services, **OR** (c) an Alternative Cash Payment by submitting a Claim Form on the Settlement Website, or by downloading, printing, and completing a Claim Form and mailing it to the Settlement Administrator. You may only select one form of Settlement Relief.

**15.      How do I make a claim for Expanded Identity Theft and Fraud Monitoring Services?**

To file a claim for Expanded Identity Theft and Fraud Monitoring Services, you must submit a valid Claim Form electing to receive Expanded Identity Theft and Fraud Monitoring Services. To submit a claim for Expanded Identity Theft and Fraud Monitoring Services, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before ==DATE==.

Instructions for filling out a claim for Expanded Identity Theft and Fraud Monitoring Services are included on the Claim Form. You may access the Claim Form at www.ConnexinClassAction.com.

The deadline to file a claim for Expanded Identity Theft and Fraud Monitoring Services is **DATE.** Claims must be filed or postmarked if mailed by this deadline.

**16.       How do I make a claim for a Reimbursement for Out-of-Pocket Losses?**

To file a claim for a Reimbursement for Out-of-Pocket Losses of up to $7,500.00 for reimbursement of certain Documented Losses, you must submit a valid Claim Form electing to receive a Reimbursement for Out-of-Pocket Losses. To submit a claim for a Reimbursement for Out-of-Pocket Losses, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **DATE.**

The Claim Form requires that you sign the attestation regarding the information you provided *and* that you include Reasonable Documentation, such as credit card statements, bank statements, invoices, police reports, telephone records, and receipts.

If your claim for a Reimbursement for Out-of-Pocket Losses is rejected by the Settlement Administrator and you do not correct it, and you do not otherwise make a claim for Expanded Identity Theft and Fraud Monitoring Services, your claim for a Reimbursement for Out-of-Pocket Losses will instead be considered a claim for an Alternative Cash Payment.

Instructions for filling out a claim for a Reimbursement for Out-of-Pocket Losses are included on the Claim Form. You may access the Claim Form at www.ConnexinClassAction.com.

The deadline to file a claim for a Reimbursement for Out-of-Pocket Losses is **DATE.** Claims must be filed (or postmarked if mailed) by this deadline.

**17.       How do I make a claim for an Alternative Cash Payment?**

To file a claim for an Alternative Cash Payment, you must submit a valid Claim Form electing to receive an Alternative Cash Payment. To submit a claim for an Alternative Cash Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **DATE.**

If you wish to receive your payment via digital payment method options instead of a check, simply provide your email address (optional). Anyone who submits a valid claim for an Alternative Cash Payment and does not elect to receive a digital payment will receive their payment via regular check sent through U.S. Mail.

Instructions for filling out a claim for an Alternative Cash Payment are included on the Claim Form. You may access the Claim Form at www.ConnexinClassAction.com.

The deadline to file a claim for an Alternative Cash Payment is **DATE.** Claims must be filed or postmarked if mailed by this deadline.

**18.       What happens if my contact information changes after I submit a claim?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling PHONE NUMBER or by writing to the following address:

Connexin Data Breach Settlement
Settlement Administrator
P.O. Box 5735
Portland, OR 97228-5735

**19.       When and how will I receive the Settlement Benefits I claim from the Settlement?**

If you make a valid claim for Expanded Identity Theft and Fraud Monitoring Services, the Settlement Administrator will send you information on how to activate your credit monitoring after the Settlement becomes final. If you received a Notice in the mail, keep it in a safe place as you will need the Unique ID Number provided on the Postcard Notice to activate your Expanded Identity Theft and Fraud Monitoring Services.

Payment for valid claims for an Alternative Cash Payment or a Reimbursement for Out-of-Pocket Losses will be provided by the Settlement Administrator after the Settlement is approved and becomes Final. You may elect to receive payment for valid claims for an Alternative Cash Payment or Reimbursement for Out-of-Pocket Losses via PayPal, Venmo, or digital payment instead of a check by submitting your email address with your Claim Form. Anyone who does not elect to receive payment via digital payment will receive their payment via regular check sent through U.S. Mail.

The approval process may take time. Please be patient and check www.ConnexinClassAction.com for updates.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.ConnexinClassAction.com or call PHONE NUMBER.**

**20.** **What happens if money remains after all of the Settlement Claims are paid?**

None of the money in the $4,000,000.00 Settlement Fund will ever be paid back to Connexin once the Settlement is approved and has become Final. Any money left in the Settlement Fund after 120 days after the distribution of payments to Class Members will be distributed pro rata (equal share) among all Class Members with approved claims for Alternative Cash Payments, who cashed or deposited their initial check or received the Settlement proceeds through digital means, as long as the average payment amount is $3.00 or more. If there is not enough money to provide qualifying Class Members with an additional $3.00 payment, and if possible, the remaining Net Settlement Fund will be distributed to a non-profit recipient to be agreed to by the parties and approved by the Court.

## The Lawyers Representing You

**21.** **Do I have a lawyer in this case?**

Yes, the Court has appointed Benjamin F. Johns of Shub & Johns LLC, and Bart D. Cohen of Bailey & Glasser LLP as Class Counsel to represent you and the Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

**22.** **How will Class Counsel be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees of up to a maximum of 33.33% of the $4,000,000.00 Settlement Fund (i.e., $1,333,333.33), plus the reimbursement of their reasonable costs and expenses (referred to collectively as "Fee Award and Costs"). They will also ask the Court to approve up to $2,500.00 Service Awards to each of the Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees and expenses and Service Awards will be made available on the Settlement Website at www.ConnexinClassAction.com before the deadline for you to comment or object to the Settlement. You can request a copy of the application by contacting the Settlement Administrator at PHONE NUMBER.

## Excluding Yourself from the Settlement

If you are a Class Member and want to keep any right you may have to sue or continue to sue Connexin and/or the Released Parties on your own based on the claims raised in this Action or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

**23.** **How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must complete and sign a Request for Exclusion. The Request for Exclusion must be in writing and identify the case name *Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum,* Case No. 2:22-cv-04676-JDW, E.D. Pa.; state the name, address, and telephone number and unique identifier of the Class Member(s) seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum,* Case No. 2:22-cv-04676-JDW, E.D. Pa." The Request for Exclusion must be postmarked or received by the Settlement Administrator at the address below no later than DATE:

Connexin Data Breach Settlement
Settlement Administrator
P.O. Box 5735
Portland, OR 97228-5735

You cannot exclude yourself by telephone or by email.

**24.** **If I exclude myself, can I still get Expanded Identity Theft and Fraud Monitoring Services or a Settlement Payment as part of this class action settlement?**

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You can only get Expanded Identity Theft and Fraud Monitoring Services, a Reimbursement for Out-of-Pocket Losses, or an Alternative Cash Payment if you stay in the Settlement and submit a valid Claim Form.

**25.** **If I do not exclude myself, can I sue Connexin for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Connexin and Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against Connexin or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.ConnexinClassAction.com or call PHONE NUMBER.**

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**26.      How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) state the Class Member's full name, current mailing address, and telephone number; (b) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Security Incident); (c) identify the specific factual and legal grounds for the objection; (d) identify all counsel representing the Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (f) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them or by filing them in person at the Courthouse. All objections must be submitted to the Court either by mailing them to: Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 or filing objections electronically through the Court's Electronic Claims Filing system or filing in person with the Court or postmarked on or before **DATE.**

**27.      What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

**28.      When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **DATE** before the Honorable Joshua D. Wolson, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class. Class Members should monitor the Settlement Website or the Court's online docket site (*see* Question 32) to confirm whether the date for the Final Approval Hearing is changed. Please note that the hearing may be held via telephone or video conference. All details about the Final Approval Hearing will be posted on the Settlement Website.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement; Class Counsel's application for Fee Award and Costs; and the Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**29.      Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**30.      May I speak at the Final Approval Hearing?**

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (*see* Question 26). Your objection must state that it is your intention to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

**31.      What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will not receive any Settlement Benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Connexin or any of the Released Parties about the legal issues in this Action and released by the Settlement Agreement.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.ConnexinClassAction.com or call PHONE NUMBER.**

## GETTING MORE INFORMATION

**32.     How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.ConnexinClassAction.com, or by contacting Class Counsel (see below).

If you have questions about the proposed Settlement or anything in this Notice, you may contact Class Counsel at the following:

| | |
|---|---|
| Bart D. Cohen<br>BAILEY & GLASSER LLP<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 274-9420<br>bcohen@baileyglasser.com | Benjamin F. Johns<br>Shub & Johns LLC<br>Four Tower Bridge<br>200 Barr Harbor Drive, Ste 400<br>Conshohocken, PA 19428<br>bjohns@shublawyers.com |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**EXHIBIT C**

**Defendant, Connexin -  Short Form Notice**

**Court Approved Legal Notice**
***Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum*, Case No. 2:22-cv-04676-JDW, Eastern District Pennsylvania**

## As a Result of the CONNEXIN DATA SECURITY INCIDENT, You Can Get Cash or Credit Monitoring and Insurance Services to Protect Your Information.

*A federal court has authorized this Notice.*
*This is <u>not</u> a solicitation from a lawyer.*

### This is NOT a Claim Form.

www.xxxxxxxxx.com

1-888-888-8888

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.xxxxxxxxx.com.*

**More Information:** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at www.xxxxxxxxx.com or by calling toll free 1-888-888-8888.

*Connexin Data Security Incident Litigation,*
P.O. Box 5735
Portland, OR 97228-5735

Forwarding Service Requested

Postal Service: Please do not mark barcode

Unique ID: XXXXXXXXXX

[CLAIMANT INFO]

A proposed Settlement arising out of a data security incident has been reached with Connexin Software, Inc. d/b/a Office Practicum ("Connexin"). On or about August 26, 2022, Connexin discovered a third party threat actor accessed certain files stored on one of Connexin's servers. As a result, Personal Information of individuals who are or were patients of pediatric practices, employees or otherwise affiliated with Connexin may have been accessed (the "Data Security Incident"). Impacted Personal Information may have included names, Social Security numbers, clinical information, human resource information, compensation data, and other medical or personal health information.

<u>Who is Included?</u> The Court decided that Class Members include all natural persons whose Personal Information was compromised in the Data Security Incident.

<u>What does the Settlement Provide?</u> The Settlement establishes a $4,000,000.00 Settlement Fund to be used to pay for Expanded Identity Theft and Fraud Monitoring Services, Reimbursement for Out-of-Pocket Losses, or an Alternative Cash Payment to valid Settlement Class Members; costs of Notice and Administration; Service Awards to the Class Representatives; and Fee Award and Costs. Also, Connexin has agreed to undertake certain security commitments and business changes intended to strengthen Connexin's data and information security. Claimants may select **one** of the following forms of Settlement relief as follows:

<u>Expanded Identity Theft and Fraud Monitoring Services</u> –three (3) years of Expanded Identity Theft and Fraud Monitoring Services;

<u>Reimbursement for Out-of-Pocket Losses</u> – reimbursement for certain Out-of-Pocket Losses, i.e., money spent or time lost, that is more likely than not related to the Connexin Data Security Incident (up to $7,500);

<u>Alternative Cash Payment</u> – a cash payment, in an amount to be determined consistent with the Settlement. The Alternative Cash Payment may be increased or reduced pro rata depending on the number of Class Members that participate in the Settlement.

<u>How To Get Benefits:</u> You must complete and file a Claim Form online or by mail postmarked by **DATE**, including required documentation. You can file your claim online at **www.xxxxxxxxx.com**. You may also get a paper Claim Form on the website, or by calling the toll-free number, and submit by mail.

<u>Your Other Options:</u> If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE**. If you do not exclude yourself, you will release any claims you may have against Connexin or the Released Parties (as defined in the Settlement Agreement) related to the Connexin Data Security Incident, as more fully described in the Settlement Agreement, available on the settlement website. If you do not exclude yourself, you may object to the Settlement by **DATE**.

<u>The Final Approval Hearing:</u> The Court has scheduled a hearing in this case (*Barletti, et al. v. Connexin Software, Inc. d/b/a Office Practicum*, No. 2:22-cv-04676-JDW, E.D. Pa.) for **DATE** at 601 Market Street, Philadelphia, PA 19106, to consider: whether to approve the Settlement, Service Awards, Attorneys' Fees and Expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, so please check the settlement website for those details.

**EXHIBIT D**

**[Proposed] Order Granting Plaintiffs' Unopposed Motion
for Preliminary Approval of Class Action Settlement**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAZANDRA BARLETTI, individually, as natural parent and next friend of A.B. and C.B., minors; ANDREW RECCHILONGO; SHARONDA LIVINGSTON, individually, as natural parent and next friend of K.J., a minor; BRADLEY HAIN, individually, as natural parent and next friend of N.H. and T.H., minors; and HAILEY JOWERS, on behalf of themselves and all others similarly situated, | **Case No. 2:22-cv-04676-JDW**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
|                 Plaintiffs,<br>   v.<br><br>CONNEXIN SOFTWARE, INC. d/b/a OFFICE PRACTICUM,<br><br>                Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

The Court having considered Plaintiffs' Unopposed Motion for Preliminary Approval (the "Motion") and accompanying materials, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.     The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1 ("Settlement Agreement") is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2.     The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Kazandra Barletti, individually and as the parent of minors A.B. and C.B.; Andrew Recchilongo; Sharonda Livingston, individually and as the parent of minor K.J.; Bradley Hain, individually and as the parent of minors N.H. and T.H.; and Hailey Jowers ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Connexin Software, Inc. d/b/a Office Practicum ("Connexin" or "Defendant") (together with Plaintiffs, the "Parties").

3.     The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiffs' Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

4.     Pursuant to Fed. R. Civ. P. 23(e)(1)(B), the Court finds that disseminating notice to the class is warranted because the Court is likely to be able to grant final approval to the settlement and certify the class for purposes of entering a judgment.

5.      For purposes of settlement only, the Court provisionally certifies the class, defined as follows:

> All persons whose personally identifiable information or personal health information was compromised in the in the data security incident that Connexin discovered on  or about August 26, 2022 (the "Nationwide Class" or "Class").

6.      Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their immediate families and their staff; (2) Connexin, its subsidiaries, parent companies, successors, predecessors, and any entity in which Connexin or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

7.      The Court provisionally finds for Settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

8.      Plaintiffs Kazandra Barletti, individually and as the parent of minors A.B. and C.B.; Andrew Recchilongo; Sharonda Livingston, individually and as the parent of minor K.J.; Bradley Hain, individually and as the parent of minors N.H. and T.H.; and Hailey Jowers, as described more fully in the Consolidated Class Action Complaint filed in this Action, are hereby

provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

9.      The Court finds that Benjamin F. Johns, Esq. of Shub & Johns LLC and Bart D. Cohen of Bailey & Glasser, LLP, the Proposed Interim Co-Lead Class Counsel, are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

10.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form Notice and the Summary Notice (the "Settlement Notices"), attached as Exhibits B and C, respectively, to the Settlement Agreement and attached to this Order as Exhibit 1, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in §§ 6.1-6.3 of the Settlement Agreement complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

11.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, which will be available both on the Settlement Website and by request.

12.     The Notice procedures described above are hereby found to be the best means of providing Notice under the circumstances and, when completed, shall constitute due and sufficient Notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

13.     The Court hereby orders that, within fourteen (14) days of entry of this Order, Connexin shall provide to the Settlement Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in Connexin's possession.

14.     No later than thirty-five (35) days from Defendant Connexin funding the Settlement Fund ("Notice Date"), Class Counsel shall cause the Settlement Administrator to send via U.S. mail the Summary Notice to each Settlement Class Member and shall cause to be published the Long Form Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

15.     Contemporaneously with seeking final approval of the Settlement, Class Counsel and Connexin shall cause to be filed with the Court an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Notice Plan.

16.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

17.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

### Responses by Settlement Class Members and the
### Scheduling of the Final Approval Hearing

18.     Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Date (the "Opt-Out Period").

19.     Any members of the Settlement Class who wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to the designated Post Office Box established by the Settlement Administrator postmarked on or before the end of the sixty-day Opt-Out Period. Members of the Settlement Class may not opt out of the Settlement by submitting requests to opt out as a group or class, but must in each instance individually and personally sign

and submit a Request for Exclusion. All Settlement Class Members that opt out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Connexin or the other Released Parties.

20.     Any member of the Settlement Class who does not properly and timely opt out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

21.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Connexin provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of the Motion for Preliminary Approval |
| Connexin to provide contact information for Settlement Class Members | Within 14 days after entry of this Order |
| Notice Plan commences ("Notice Date") | Within 35 days after Defendant funding the Settlement Fund |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for Requests for Exclusion (opt out) or objections ("Opt-Out Deadline" or "Objection Deadline") | 60 days after Notice Date |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | No later than 14 days prior to the Opt-Out/Objection Deadline |
| Postmark/Filing deadline for members of the Class to file claims | 90 days after Notice Date |

| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Approval Hearing |
|---|---|
| Deadline for Settlement Administrator to file or cause to be filed, if necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 120 days after Preliminary Approval Order; to be set by the Court and held at the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 12613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 in Courtroom 12-B  and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

22.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for the Fee Award and Costs, and request for the Court to award a Service Award to the named Plaintiffs, shall also be heard at the time of the hearing.

23.     The date and time of the Final Approval Hearing shall be subject to adjournment and/or continuance by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn and/or continue the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of Notice, the completion of the Opt-Out Period, or the deadlines for submissions of Settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing

via Zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24.     Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

25.     Any person who does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for Fee Award and Costs, or (d) the Service Award request, by mailing a written objection, with a postmark date no later than the Objection Deadline, to Class Counsel and Connexin's counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Class Counsel and Connexin's Counsel made through the ECF system. For all objections mailed to Class Counsel and Counsel for Connexin, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

26.     The Objector's objection must be either (1) filed with the Court no later than sixty (60) days after the Notice Date or (2) mailed to Class Counsel and Connexin's Counsel, with a postmark date of no later than sixty (60) days after the Notice Date. To be valid, the objection must clearly (a) state the Class Member's full name, current mailing address, and telephone number; (b) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Security Incident); (c) identify the specific

factual and legal grounds for the objection; (d) identify all counsel representing the Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (f) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing. All objections must be submitted to the Settlement Administrator, Class Counsel, and to the Court either by mailing them to: Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 or by filing them in person at the Courthouse. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this Section shall be deemed to have waived any objections and shall be forever barred from raising such objections.

27.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the Service Award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

29.     Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be

enjoined from proceeding against Connexin and all other Released Parties with respect to all of the Released Claims.

30.     Connexin shall cause to be prepared and served  all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

31.     Class Counsel and Counsel for Connexin shall cooperate promptly and fully in the preparation of such notices, including providing Connexin with any and all information in its possession necessary for the preparation of these notices. Connexin shall provide, or cause to be provided, courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Connexin shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to the appropriate officials  pursuant to CAFA.

32.     The Court hereby appoints the claims administrator proposed by the parties, Epiq Class Action & Claims Solutions, Inc. ("Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating Notice to the Class; (c) developing a Settlement Website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing Settlement payments to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and Administrative Expenses shall be paid from the Settlement Fund.

33.     In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement

Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Connexin and any other Released Party, and Connexin and any other Released Parties shall retain any and all of their current defenses and arguments thereto (including, but not limited to, arguments that the requirements of Federal Rule of Civil Procedure 23 are not satisfied for purposes of continued litigation). The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Connexin as to the validity of any claim that has been or could have been asserted against it or any other Released Party as to any liability by them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**SO ORDERED** this _____ day of _____, 2024.


_____
JOSHUA D. WOLSON, J.