IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAZANDRA BARLETTI, individually, as natural parent and next friend of A.B. and C.B., minors; ANDREW RECCHILONGO; SHARONDA LIVINGSTON, individually, as natural parent and next friend of K.J., a minor; BRADLEY HAIN, individually, as natural parent and next friend of N.H. and T.H., minors; and HAILEY JOWERS, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br> v.<br><br>CONNEXIN SOFTWARE, INC. d/b/a OFFICE PRACTICUM,<br><br>     Defendant. | Case No. 2:22-cv-04676-JDW<br><br>CLASS ACTION |

**SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES**

I, Cameron R. Azari, Esq., declare as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3. I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans. Hilsoft is a business unit of Epiq. References in this declaration include Hilsoft Notifications.

4.     The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5.     This declaration provides updated settlement administration statistics following the successful implementation of the Settlement Notice Plan ("Notice Plan") and notices ("Notice" or "Notices") for *Barletti et al. v. Connexin Software Inc. d/b/a Office Practicum*, Case No. 2:22-cv-04676-JDW, currently pending in the United States District Court for the Eastern District of Pennsylvania.   I previously executed my *Declaration of Cameron R. Azari, Esq. On Implementation and Adequacy of Notice Plan and Notices* ("Implementation Declaration") on June 7, 2024, which was submitted with Plaintiffs' Motion for Final Approval and described the successful implementation of the Notice Plan, provided settlement administration statistics, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*.  I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans.

## NOTICE PLAN SUMMARY

6.     Federal Rule of Civil Procedure 23(c)(2)(B) directs that notice must be "the best notice practicable under the circumstances," must include "individual notice to all members who can be identified through reasonable effort" and "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."  The Notice Plan as implemented satisfied these requirements.

7.     As detailed in my Implementation Declaration, the Notice Plan reached the greatest practicable number of identified Class Members with individual notice.   The Notice Plan individual notice efforts reached approximately 92.6% of the identified Class Members.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Plan was

consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case and satisfied the requirements of due process, including its "desire to actually inform" requirement.[1]

### NOTICE PLAN DETAIL

*Individual Notice*

8.     As detailed in my Implementation Declaration, Epiq received data for 2,798,372 records for identified Class Members, including names, Membership Number, and physical address. Epiq deduplicated and rolled-up the records and loaded the unique, identified Class Member records into its database. These efforts resulted in 2,790,240 unique, identified Class Member records. A Summary Notice was sent via United States Postal Services ("USPS") first class mail to all identified Class Members with an associated physical address. To conserve costs for mailing and postage, notices were sent per household[2], rather than per Class Member. For the 2,790,240 identified Class Members, Epiq identified 1,795,905 associated households.

*Individual Notice – Direct Mail*

9.     As detailed in my Implementation Declaration, on April 26, 2024, Epiq sent 1,795,905 Summary Notices to identified Class Members with an associated physical address – grouped by household, with only one Summary Notice being sent per household. The Summary Notice was sent via USPS first-class mail.

10.    The return address on the Summary Notices is a post office box that Epiq maintains for this Settlement. The USPS automatically forwarded Summary Notices with an available

---

[1] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

[2] Household is defined as Class Members with the same last name and physical address.

forwarding address order that has not expired ("Postal Forwards"). Summary Notices returned as undeliverable were remailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but is still within the time period in which the USPS returns the piece with the address indicated), and to better addresses that were found using a third-party lookup service. Upon successfully locating better addresses, Summary Notices were promptly remailed. As of July 16, 2024, Epiq has remailed 200,321 Summary Notices.

11. Additionally, a Claim Package (Long Form Notice in English or Spanish and Claim Form) was mailed to all persons who request one via the toll-free telephone number or other means. As of July 16, 2024, Epiq mailed 1,051 Claim Packages as a result of such requests.

### *Notice Results*

12. As of July 16, 2024, a Summary Notice was delivered to households representing 2,584,122 of the 2,790,240 unique, identified Class Members. This means the individual notice efforts reached approximately 92.6% of the identified Class Members.

### *Settlement Website*

13. The Settlement Website (www.connexindatasettlement.com) continues to be available. Relevant documents and other case-related documents are posted on the Settlement Website including relevant dates, answers to frequently asked questions ("FAQs"), contact information for the Settlement Administrator, and how to obtain other case-related information. The Settlement Website also provides the ability for Class Members to file an online Claim Form. As of July 16, 2024, there have been 38,695 unique visitor sessions to the Settlement Website, and 194,949 web pages have been presented.

*Toll-free Telephone Number and Postal Mailing Address*

14. The toll-free telephone number (1-888-907-0837) established for the Settlement continues to allow callers to hear an introductory message and have the option to learn more about the Settlement in the form of recorded answers to FAQs (in English and Spanish). Callers also have an option to request a Claim Package be mailed to them. The toll-free telephone number was prominently displayed in all notice documents. The automated telephone system is available 24 hours per day, 7 days per week. As of July 16, 2024, the toll-free telephone number has handled 3,960 calls to the toll-free telephone number representing 10,557 minutes of use.

15. A postal mailing address and email address were established and continue to be available, allowing Class Members the opportunity to request additional information or ask questions.

*Requests for Exclusion and Objections*

16. The deadline to request exclusion from the Settlement or to object to the Settlement was June 25, 2024. As of July 16, 2024, Epiq has received thirteen requests for exclusion. As of July 16, 2024, Epiq is aware of only one objection to the settlement: the one received by the Court on around May 2, 2024 from "Michael James: Krusell[R]." The Amended Exclusion Report is included as **Attachment 1**.[3]

*Claim Submissions and Distribution Options*

17. The deadline for Class Members to file a Claim Form is July 25, 2024. As of July 16, 2024, Epiq has received 32,208 Claim Forms (31,907 online and 301 paper). The following table provides additional details regarding the eligible benefits that have been claimed:

---

[3] The Exclusion Report provided to the Court as an attachment to my Implementation Declaration dated June 7, 2024, included one individual (Curtis Chism) who has been determined to be a Non-Class Member and was removed from the Amended Exclusion Report.

5

| *Claim Detail* | *Claim Count*[4] |
|---|---|
| Expanded Identity Theft and Fraud Monitoring Services | 4,101 |
| Reimbursement for Out-of-Pocket Losses | 155 |
| Alternative Cash Payment | 27,766[5] |
| No Benefit or Multiple Benefits Selected | 186 |

18. Since the July 25, 2024, claim filing deadline has not yet passed, these numbers are preliminary. I anticipate additional Claim Forms will be filed by Class Members prior to the deadline. As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received. There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

## CONCLUSION

19. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal statutes and local rules, and further by case law pertaining to notice. This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

---

[4] Class Members may submit a claim for only one of the Settlement remedies. These stats indicate the number of Claim Forms received and processed to date and are still undergoing final review.

[5] The estimated Alternative Cash Payment amount is currently $49.55 per Class Member. Since Claim Forms are still being received, and incomplete Claim Forms have not gone through the defect process, it is anticipated that the estimated Alternative Cash Payment amount provided will likely change before disbursement.

20. The Notice Plan included individual notice via mail to the identified Class Members. With the address updating protocols that were used, the Notice Plan individual notice efforts reached approximately 92.6% of the identified Class Members. The reach was further enhanced by a Settlement Website. The Federal Judicial Center's ("FJC") Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class. It is reasonable to reach between 70–95%."[6] Here, we have developed and implemented a Notice Plan that readily achieved a reach at the highest end of that standard.

21. The Notice Plan provided the best notice practicable under the circumstances of this case, conformed to all aspects of Federal Rule of Civil Procedure 23, comported with the guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed and FJC guidance, and met the requirements of due process, including its "desire to actually inform" requirement.

22. The Notice Plan schedule afforded enough time to provide full and proper notice to the Class Members before the Opt-Out and Objection Deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 23, 2024.

_____
Cameron R. Azari, Esq.

---

[6] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

# Attachment 1



*Connexin Data Breach*
**Exclusion Report**

| Number | Name |
|---|---|
| 1 | Shaelynn Campbell |
| 2 | Casady Cawlfield |
| 3 | Nyla Chism |
| 4 | Bella Chism |
| 5 | Diego Diaz |
| 6 | Josue Gonzalez |
| 7 | Allanna Jackson |
| 8 | Levi Johnson |
| 9 | Charles Ledig |
| 10 | Daniel Ledig |
| 11 | Mercy Love |
| 12 | Jenna Mapes |
| 13 | Victoria Rushing |